# JOSEPH J. HASPEL PLLC

ATTORNEY AT LAW
40 MATTHEWS STREET
SUITE 201
GOSHEN, NEW YORK 10924
(845) 294-8950
(845) 294-3843 (FAX)
(845) 313-6068 (CELL)
JJHASPEL@WARWICK.NET

JOSEPH J. HASPEL

OF COUNSEL:
MARY LOU CHATTERTON
NEIL I. JACOBS

NEW JERSEY OFFICE
111 GRAND STREET
SUITE 218
PALISADES PARK, NJ 07650
201-461-2488

February 20, 2008

The Honorable Kenneth M. Karas
United States District Judge
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, New York 10601-4150

Re: *Mosdos Chofetz Chaim Inc. et al v.*
*Village of Wesley Hills, et al*
<u>Case No. 08 Civ. 0156 (KMK)</u>

Hon. Judge Karas:

    Please be advised that I represent Plaintiffs in the above-referenced matter, and I write this letter is in response to the letter of Mr Zarin dated February 11, 2008 requesting a pre-motion conference. The motion Mr. Zarin is contemplating is a motion to dismiss. I have been informed by counsel for the Village of Pomona that they too will be requesting a pre-motion conference for the same purposes. We do not understand how Mr. Zarin indicates that he represents all Defendants when I have been contacted by the law firm of Milber Makris Plousadis & Seiden who indicated that they represent the Village of Pomona.

    Please be advised that Plaintiffs stand on their Complaint, and they believe that the causes of action set forth therein are meritorious claims. Notwithstanding, Plaintiffs fully expected that the Defendants would proceed in this manner because delay in getting to the merits is to their advantage because it will cause trouble between plaintiff, Mosdos Chofetz Chaim, Inc. ("Mosdos") and its lenders. It is respectfully submitted that this Court should not lose sight of the fact that Mosdos entered into a construction financing contract for the building of its campus, and notwithstanding virtual completion of the project, Plaintiffs actions have caused the campus to lay vacant.

    We are fully prepared to address any arguments in the context of a Motion to Dismiss. For the purposes of the request for a pre-motion conference, suffice it to say that Plaintiffs respectfully request that this Court waive its requirement for a pre-motion conference so that the matter could proceed as expeditiously as possible.

    It is clear from Mr. Zarin's letter that there is a disconnect between Plaintiffs' theory of

**JOSEPH J. HASPEL**    P a g e | 2

this case, and Defendants' view of this case. The difference being grounded in each sides view of the Defendants' intent in their actions. Surely, Defendants have been intelligent enough to cloak their wrongful intent and their breaches of Plaintiffs' civil rights in the façade of righteousness. However, Plaintiffs are confident that the evidence will ultimately prove the allegations set forth in its complaint, and that Defendants' actions were always designed to violate Plaintiffs' civil rights.

While Plaintiffs do not wish to engage in a substantive argument within the context of this letter, it must be noted that Defendants' assertions lack merit on their fact. For example, the letter suggests that Plaintiff's lawsuit lacks merit because Plaintiffs' complaint concerns violation of religious rights, not racial rights. However, it has long been settled jews constitute a "race" for purposes of the civil rights act. *Shaare Tefila Congregation v. Cobb*, 481 U.S. 615, 107 S.Ct. 2019, 95 L.Ed. 594 (1987). *See also, Weiss v. La Suisse Societe C'Assurances Sur La Vie*, 260 F.Supp.2d 644 (S.D.N.Y. 2003).

With respect to Defendants' procedural arguments, this lawsuit contains different plaintiffs, different defendants and different claims than the *Chestnut Ridge* action. Once again, with respect to the propriety of this action, Mosdos is prepared to address any argument presented within the context of a formal motion. It is respectfully submitted that doing so in a truncated pre-motion procedure may be prejudicial in that the movant's arguments are not fully developed.

Very truly yours

Joseph J. Haspel

Cc: All counsel