USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

MEMO ENDORSED

# ZARIN & STEINMETZ
ATTORNEYS AT LAW
81 MAIN STREET
SUITE 415
WHITE PLAINS, NEW YORK 10601

TELEPHONE: (914) 682-7800
FACSIMILE: (914) 683-5490
WEBSITE: WWW.ZARIN-STEINMETZ.NET

DAVID S. STEINMETZ*
MICHAEL D. ZARIN
DANIEL M. RICHMOND

* ALSO ADMITTED IN D.C.
* ALSO ADMITTED IN CT.
△ ALSO ADMITTED IN N.J.

JODY T. CROSS*
JILLIAN K. MOONEY △
KEBRA A. RHEDRICK
BRAD K. SCHWARTZ

MARSHA RUBIN GOLDSTEIN
HELEN COLLIER MAUCH △
SUSAN H. SARCH*
LISA F. SMITH °
OF COUNSEL

February 11, 2008

The Honorable Kenneth M. Karas
United States District Judge
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, New York 10601-4150

      Re:    Mosdos Chofetz Chaim Inc., et al. v. Vill. of Wesley Hills, et al.
              08 Civ. 0156 (KMK)

Your Honor:

      This firm represents all Defendants in the above-referenced matter, except for the Village of Pomona. As Your Honor is aware, there is presently a prior action pending before this Court, involving many of the same parties herein, as well as essentially the same facts and circumstances. See Vill. of Chestnut Ridge, et al. v. Town of Ramapo, et al. ("Chestnut Ridge"), 07 Civ. 9278 (KMK).[1] A Motion for Remand is pending.

      Plaintiffs here have initiated the instant action alleging various civil rights and constitutional violations of 42 U.S.C. Sections 1982 and 1983, the Equal Protection and Freedom of Religion clauses of the United States and New York Constitutions, and the New York Civil Rights Law. At best, this is another attempt to improperly forum shop, seeking to either consolidate this action with the current Chestnut Ridge matter, or obtain some type of independent jurisdiction. An equal motivation appears to be Mosdos's attempt to intimidate and harass the current Plaintiffs in Chestnut Ridge, and now various of their elected officials, with threats of monetary damages and other accusations.

      This letter is submitted pursuant to Part II(A) of Your Honor's Individual Rules of Practice to schedule a Pre-Motion Conference, and to set forth the basis of Defendants' anticipated Motion to Dismiss pursuant to FRCP 12(b)(6) and 13(a), together with a request for sanctions pursuant to FRCP 11(c).[2]

---

[1]     Although not a party to the Chestnut Ridge action, Plaintiff inexplicably named New Hempstead, as well as the numerous individuals in their official and individual capacity, as Defendants in the instant action.

[2]     Defendants acknowledge that any Motion for Sanctions pursuant to FRCP 11(c) would be required to be made separately from their Motion to Dismiss. See FRCP 11(b)(1).

**Plaintiffs Fail To State A Cause Of Action**

Plaintiffs' claims seem to be that Defendants somehow violated Plaintiffs' constitutional rights by "prohibiting" Plaintiffs and their attendant multi-family housing within the borders of the Defendant Villages. These claims fail to state a cause of action, and must be dismissed pursuant to FRCP 12(b)(6) for several reasons.

Initially, Plaintiffs' property – i.e., the Nike Site – is located in the Town of Ramapo. (Complaint ¶ 8). The Defendant Villages have taken no action or made any determination with respect to any land use application affecting Plaintiffs' property. They have no such authority. Plaintiffs cannot allege that the Defendant Villages rendered any "determination," which would adversely impact Plaintiffs' constitutional rights or ability to exercise their religion, thus failing to state an actionable claim under any of their cited theories.

The instant case also bears a striking resemblance to a similar case in this District Court decided by Judge Edward Weinfeld in Weiss v. Willow Tree Civic Association, 467 F. Supp. 803 (1979).[3] There, a congregation of Hasidic Jews sought to establish a housing development in the Town of Ramapo. The congregation contended that the Willow Tree Civic Association, as well as its members, "conspired and acted to harass and delay plaintiffs' application to the zoning authorities." Plaintiffs claims against the association and its members under 42 U.S.C. sections 1982, 1983 and 1985 were summarily dismissed for many of the same reasons applicable here:

> Plaintiffs by their pleading have sought to transmute a zoning dispute, still pending, into assorted claims of violation of federally protected constitutional rights. To uphold the complaint would, as Judge Waterman stated in a similar context, "be inviting every party to a state proceeding angered at delay to file a complaint in this court reciting the history of his state case and concluding with a general allegation of conspiracy." Such was not the intendment or purpose of the civil rights acts.

Weiss, 467 F. Supp. at 819, quoting Powell v. Workmen's Compensation Bd., 327 F.2d 131, 137 (2d Cir. 1964).

As this Court is aware, on a Motion to Dismiss pursuant to FRCP 12(b)(6), "[t]he allegations of a complaint must be 'well pleaded' and thus the court need not accept 'sweeping and unwarranted averments of fact.'" In re Mosello, 190 B.R. 165, 168 (S.D.N.Y. 1995); see also Leeds v. Meltz, 85 F.3d 51 (2d Cir. 1996) ("[B]ald assertions and conclusions of law will not suffice.").

Plaintiffs' Complaint is fraught with the same sweeping and unwarranted averments. Plaintiff alleges, for example, that Defendants deprived Plaintiffs of their right to use property, which is located in a different municipality, "on the basis of race, national origin and familial status in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1982." As the Court held in Weiss,

---

[3] In fact, there are individual Defendants in the instant action, who were also defendants in the 1979 case.

Section 1982 "deals only with racial discrimination and does not address itself to discrimination on grounds of religion or national origin . . . Plaintiffs' gratuitous inclusion of the word 'race' . . . cannot down the true nature and essence of their complaint," i.e., a religious claim. Weiss, 467 F. Supp. at 816 (citations omitted). Also, as in Weiss, many of Plaintiffs' claims "are inextricably bound up with [certain of] the [D]efendants' exercise of First Amendment rights of assembly, petition and association."[4] Id. at 816. Said actions are constitutionally protected, and Plaintiffs' claims should be dismissed.

**Plaintiffs Were Required To Bring Their Claims In The *Chestnut Ridge* Action**

Even assuming, *arguendo*, that any of Plaintiffs' claims had merit, "[a] counterclaim is compulsory under F.R. 13(a) 'if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." United Artists Corp. v. Masterpiece Productions, 221 F.2d 213, 216 (2d Cir. 1955) (citations omitted) ("In practice this criterion has been broadly interpreted to require not an absolute identity of factual backgrounds for the two claims, but only a logical relationship between them.").

There is no question that Plaintiffs' current claims should have been brought (and in essence were) as compulsory counterclaims in the Chestnut Ridge action. Id. (""Transaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship."); see also Hoffman v. Wisner Classic Mfg. Co., Inc., 927 F. Supp. 67, 74 (E.D.N.Y. 1996) (Courts "interpret Rule 13 liberally consistent with the general objectives of the Rule in order to 'avoid multiplicity of litigation, minimize the circuity of actions and foster judicial economy.'"); cf. Ambase Corp. v. City Investing Co. Liquidating Trust, 326 F.3d 63 (2d Cir. 2003) (The "rule against claim splitting 'is based on the belief that it is fairer to require a plaintiff to present in one action all of his theories . . . than to permit him to prosecute overlapping or repetitive actions.").[5] The Court need only review the pleadings before it in connection with Chestnut Ridge to establish that the causes of action in Plaintiffs' instant Complaint arise out of the same purported transactions and occurrences.

Defendants request a Pre-Motion Conference to demonstrate to the Court why Plaintiffs' causes of action cannot withstand judicial scrutiny, and must be dismissed.

*[Handwritten: The Court will hold a pre-motion conference on March 18, 2008, at 10:30. All deadlines are stayed until then.]*

**SO ORDERED**
/s/ KENNETH M. KARAS U.S.D.J.
3/3/08

Respectfully,

ZARIN & STEINMETZ

By: /s/ Michael D. Zarin

---

[4] Plaintiffs' causes of action also appear to have the elements of a "text book" Strategic Lawsuit Against Public Participation ("SLAPP") in violation of New York Civil Rights Law Sections 70-a and 76-a.

[5] Certain of Plaintiffs' claims against New Hempstead must similarly be dismissed on *res judicata* grounds, as they were or could have been raised in the prior proceeding involving the same parties and/or their predecessors. See Yeshiva Chofetz Chaim Radin, Inc. v. Vill. of New Hempstead, et al., 97 Civ. 4021 (CM).

MDZ/mth

cc: (via facsimile)
Hon. Francis A. Nicolai
Mark Seiden, Esq.
Frank Brown, Esq.
Benjamin E. Selig, Esq.
Doris F. Ulman, Esq.
Joel A. Grossbarth, Esq.
Warren E. Berbit, Esq.
Cathy L. Donald
Terrie L. Pfeffer
Joseph J. Haspel, Esq.