UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MOSDOS CHOFETZ CHAIM INC., et al,

                               Plaintiffs,

    - against -

THE VILLAGE OF WESLEY HILLS, et al,

                               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

08-CV-0156 (KMK)

**ECF CASE**

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

ZARIN & STEINMETZ
81 MAIN STREET, SUITE 415
WHITE PLAINS, NEW YORK 10601
(914) 682-7800

## TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT ........................................................................................ 1

ARGUMENT ................................................................................................................ 4

I.     PLAINTIFFS' COMPLAINT FAILS TO STATE A CAUSE OF ACTION............ 4

     A.     Plaintiffs' Unsupported Allegations Are
           Insufficient To Maintain This Action .............................................................. 4

     B.     Plaintiffs Fail To Allege Facts Necessary To State
           A Cause Of Action For Violation Of Civil Rights ........................................ 7

           1.     Plaintiffs Fail To Allege Facts Necessary To
                  Maintain An Action Under 42 U.S.C. Section 1982......................... 7

           2.     Plaintiffs Fail To Allege Facts Necessary To
                  Maintain An Action Under 42 U.S.C. Section 1983......................... 8

II.     PLAINTIFFS LACK STANDING TO MAINTAIN THEIR CLAIMS.................... 10

III.     THE ALLEGED ACTIONS OF THE INDIVIDUAL
          DEFENDANTS ARE CONSTITUTIONALLY PROTECTED .............................. 13

IV.     THE COMPLAINT IS BARRED UNDER THE
          APPLICABLE STATUTE OF LIMITATIONS........................................................ 16

V.     PLAINTIFFS WERE REQUIRED TO BRING THEIR
          CLAIMS IN THE *CHESTNUT RIDGE* ACTION .................................................. 18

VI.     PLAINTIFFS' CLAIMS AGAINST NEW HEMPSTEAD
          ARE BARRED UNDER THE DOCTRINE OF *RES JUDICATA* ........................... 20

CONCLUSION............................................................................................................ 22

# TABLE OF AUTHORITIES

**PAGE**

ACORN v. County of Nassau, 2006 WL 2053732 (E.D.N.Y. 2006) .................................... 13

Aknin v. Phillips, 404 F. Supp. 1150 (S.D.N.Y. 1975) ......................................... 15

Alfred Weissman Real Estate, Inc. v. Big V Supermarkets, Inc.,
    268 A.D.2d 101, 707 N.Y.S.2d 647 (2d Dept. 2000) ................................. 15

Ambase Corp. v. City Investing Co. Liquidating Trust, 326 F.3d 63 (2d Cir. 2003) ........... 18, 19

Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955 (2007) ........................................... 4, 5

Bond v. Floyd, 385 U.S. 116, 87 S. Ct. 339 (1966) ........................................... 14

Butts v. City of New York Dep't of Hous. Pres. & Dev.,
    990 F.2d 1397 (2d Cir. 1993) ........................................................ 17

Ctr. Square Ass'n, Inc. v. City of Albany Bd. of Zoning Appeals,
    9 A.D.3d 651, 780 N.Y.S.2d 203 (3d Dep't 2004) ................................... 9

Chodos v. Fed. Bureau of Investigation, 559 F. Supp. 69 (S.D.N.Y.),
    aff'd., 697 F.2d 289 (2d Cir. 1982), cert. denied,
    459 U.S. 1111, 103 S. Ct. 741 (1983) ............................................... 6

Citizens Council on Human Relations v. Buffalo Yacht Club,
    438 F. Supp. 316 (W.D.N.Y. 1977) ................................................... 6

Cooper v. Town of East Hampton, 888 F. Supp. 376 (E.D.N.Y. 1995) ............................. 14

Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42 (2d Cir. 1991) .......................... 20

Cromer v. Crowder, 273 F. Supp. 2d 1329 (S.D. Fla. 2003) ..................................... 8

Eastern R. R. Presidents Conference v. Noerr Motor Freight, Inc,
    365 U.S. 127, 81 S. Ct. 523 (1961) ............................................. 14, 15

Edison Fund v. Cogent Inv. Strategies Fund, Ltd.,
    2008 WL 857631 (S.D.N.Y. 2008) .................................................... 20

Evans v. Lynn, 537 F.2d 571 (2d Cir. 1975) ................................................... 7, 8

Fariello v. Rodriguez, 148 F.R.D. 670 (E.D.N.Y. 1993) ........................................ 6

Fine v. City of New York, 529 F.2d 70 (2d Cir. 1976) ........................................ 17

Gipson v. Bass River Tp., 82 F.R.D. 122 (D.C.N.J., 1979)................................... 17

Goldstein v. Pataki, 516 F.3d 50 (2d Cir. 2008) ..................................................... 5

Gordon v. Marrone, 155 Misc. 2d 726, 590 N.Y.S.2d 649
    (Sup. Ct. Westchester Cty. 1992)..................................................................... 16

Great Atl. & Pac. Tea Co., Inc. v. Town of East Hampton,
    997 F. Supp. 340 (E.D.N.Y. 1998) .................................................................... 5

Greene v. Berger & Montague, P.C., 1998 WL 99574 (S.D.N.Y. 1998) .............. 16

Hall v. Burger King Corp., 912 F. Supp. 1509 (S.D. Fla. 1995) ........................... 17

Hoffman v. Wisner Classic Mfg. Co., Inc., 927 F. Supp. 67 (E.D.N.Y. 1996) ...... 18

Huntington Branch, NAACP v. Town of Huntington, 689 F.2d 391 (2d Cir. 1982) ........... 13

In re Mosello, 190 B.R. 165 (S.D.N.Y. 1995) ......................................................... 4

Jackson v. Okaloosa County, 21 F.3d 1531 (11th Cir. 1994)................................. 13

Jenkins v. McKeithen, 395 U.S. 411, 89 S. Ct. 1843 (1969)................................... 4

Lawlor v. Nat'l Screen Serv. Corp., 349 U.S. 322, 75 S. Ct. 865 (1955)............... 22

Leeds v. Meltz, 85 F.3d 51 (2d Cir. 1996).............................................................. 4

Linda R.S. v. Richard D., 410 U.S. 614, 93 S. Ct. 1146 (1973)............................. 12

Lombard v. Bd. of Ed. of City of New York, 440 F. Supp. 577 (E.D.N.Y. 1977)............... 17

Maryland-National Capital Park and Planning Comm'n v. U.S. Postal Serv.,
    487 F.2d 1029 (D.C. Cir. 1973) ...................................................................... 9

McGrath v. Town Bd. of North Greenbush,
    254 A.D.2d 614,  678 N.Y.S.2d 834 (3d Dep't 1998)................................... 9

Monahan v. New York City Dep't of Corrections, 214 F.3d 275 (2d Cir. 2000)................. 21, 22

Nemaizer v. Baker, 793 F.2d 58 (2d Cir. 1986) ................................................... 22

O'Sullivan v. Felix, 233 U.S. 318, 34 S. Ct. 596 (1914)....................................... 17

Owens v. Okure, 488 U.S. 235, 109 S. Ct. 573 (1989)....................................... 16, 17

Parisi v. Coca-Cola Bottling Co. of New York,
    995 F. Supp. 298 (E.D.N.Y. 1998), aff'd, 172 F.3d 38 (2d Cir. 1999)..................... 5

Petruso v. Schlaefer, 474 F. Supp. 2d 430 (E.D.N.Y. 2007) ................................... 6

Powell v. Workmen's Compensation Bd., 327 F.2d 131 (2d Cir. 1964)............................. 9

Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.,
    508 U.S. 49, 113 S. Ct. 1920 (1993)........................................................... 14

Rodriguez v. Chandler, 641 F. Supp. 1292 (S.D.N.Y 1986) .................................... 17

Samuels v. Northern Telecom, Inc., 942 F.2d 834 (2d Cir. 1991) ........................................ 22

Saunders v. State of New York, 629 F. Supp. 1067 (N.D.N.Y. 1986) .................................. 17

Scheerer v. Rose State Coll., 950 F.2d 661 (10th Cir. 1991),
    cert. denied 505 U.S. 1205, 112 S. Ct. 2995 (1992) ........................................... 17

Schlesinger v. Reservists to Stop the War, 418 U.S. 208, 94 S. Ct. 2925 (1974) ................ 13

Sterngass v. Town of Woodbury, 433 F. Supp. 2d 351 (S.D.N.Y. 2006) ............................ 17

Thompson v. Linvatec Corp., 2008 WL 541164 (N.D.N.Y. 2008) ........................................ 5

United Artists Corp. v. Masterpiece Prod., 221 F.2d 213 (2d Cir. 1955)............................. 18

United Mine Workers v. Pennington, 381 U.S. 657, 85 S. Ct. 1585 (1965) ........................ 14

Vill. of Chestnut Ridge, et al. v. Town of Ramapo, et al., 04 CV 8865 (S.D.N.Y.).............. passim

Vill. of Chestnut Ridge v. Town of Ramapo, Index No. 16876/04, slip op.
    (Sup. Ct. Westchester Cty. June 13, 2005) (Nicolai, J.),
    aff'd as modified, 45 A.D.3d 74, 841 N.Y.S.2d 321 (2d Dep't 2007) ...................... 2

Warth v. Seldin, 422 U.S. 490, 95 S. Ct. 2197 (1975)................................... 6, 7, 8, 10, 11, 12, 13

Warth v. Seldin, 495 F.2d 1187 (2d Cir. 1974) ........................................................ 12

Weiss v. Willow Tree Civic Ass'n,
    467 F. Supp. 803 (S.D.N.Y. 1979)....................................8, 9, 10, 13, 14, 15, 16

Wright v. St. John's Hosp., 414 F. Supp. 1202 (D.C. Okl. 1976) ........................................ 17

X-Men Sec., Inc. v. Pataki, 196 F.3d 56 (2d Cir. 1999) ....................................... 14

<u>Yeshiva Chofetz Chaim Radin, Inc. v. Vill. of New Hempstead, et al.</u>,
    97 Civ. 4021 (S.D.N.Y.) (CM) ................................................................ 19, 20

<u>Zuccaro v. Theofan</u>, 1995 WL 762994 (2d Cir. Dec. 27, 1995)............................................ 17

## **UNITED STATES CONSTITUTION**

U.S. Const. amend. I ................................................................... 2, 3, 8, 14, 15, 16, 19

U.S. Const. amend. XIV .................................................................. 2, 8, 11, 13, 17, 19

## **UNITED STATES STATUTES**

42 U.S.C. § 1981.................................................................................................. 11, 17

42 U.S.C. § 1982.........................................................................2, 7, 8, 9, 11, 16, 17, 19

42 U.S.C. § 1983 .................................................................... 2, 8, 9, 11, 16, 17, 19

42 U.S.C. § 1985 ................................................................................................. 9, 17

42 U.S.C. § 1988 .................................................................................................... 16

42 U.S.C. § 2000cc(2)(a) ....................................................................................... 19

42 U.S.C. § 2000cc(2)(b)(2) .................................................................................. 19

42 U.S.C. § 3604..................................................................................................... 19

42 U.S.C. § 3617..................................................................................................... 19

## **FEDERAL RULES OF CIVIL PROCEDURE**

FRCP 11(b)(1) .......................................................................................................... 4

FRCP 11(c) ............................................................................................................... 4

FRCP 12(b)(1) ..................................................................................................... 1, 10

FRCP 12(b)(6) ....................................................................................................... 1, 4

FRCP 13(a) ....................................................................................................... 1, 18, 19

## NEW YORK STATE CONSTITUTION

N.Y. Const. art. I, § 3 ................................................................. 2, 8, 14

N.Y. Const. art. I, § 11 ................................................................ 2, 8, 14

## NEW YORK STATE STATUTES

N.Y. Civ. Rights Law § 40-c ........................................................2, 8, 14

N.Y. Civ. Rights Law § 70-a ............................................................ 16

N.Y. Civ. Rights Law § 76-a ............................................................ 16

N.Y. C.P.L.R. § 214(5) .................................................................... 17

N.Y. Gen. Mun. Law § 50-I .............................................................. 17

N.Y. Gen. Mun. Law § 239-m ........................................................... 21

## NEW YORK STATE REGULATIONS

6 N.Y.C.R.R. pt. 617 ........................................................................ 9

## MISCELLANEOUS

15 Am. Jur. 2d Civil Rights § 55 ........................................................ 7

14 C.J.S. Civil Rights § 45................................................................. 8

Defendants the Village of Wesley Hills; the Mayor and Board of Trustees of the Village of Wesley Hills; Robert H. Frankl, in his individual and former official capacity; Edward B. McPherson, in his individual and official capacity; David A. Goldsmith, in his individual and official capacity; Robert I. Rhodes in his individual and former official capacity; Jay B. Rosenstein, in his individual and former official capacity; the Village of New Hempstead; the Mayor and Board of Trustees of the Village of New Hempstead; Robert A. Moskowitz, Trustee of the Village of New Hempstead, in his individual and former official capacity; the Village of Chestnut Ridge; Mayor and Board of Trustees of the Village of Chestnut Ridge; Mayor of the Village of Chestnut Ridge, Jerome Kobre in his individual and official capacity; Howard L. Cohen, Trustee, in his individual and official capacity; the Village of Montebello; the Mayor and Board of Trustees of the Village of Montebello; Kathryn Ellsworth A.K.A. Kathryn Gorman, former Mayor of Montebello in her individual and former official capacity; and Jeffrey Oppenheim, Mayor of Montebello in his individual and official capacity ("Defendants"), by their attorneys, Zarin & Steinmetz, submit this Brief in support of their Motion to Dismiss[1] pursuant to Rules 12(b)(1), 12(b)(6) and 13(a) of the Federal Rules of Civil Procedure ("FRCP").

## PRELIMINARY STATEMENT

This case is nothing more than a transparent attempt by Plaintiffs to convert a straightforward land use matter into a civil rights action. It also manifests Plaintiffs' continued strategy of blatant forum shopping, as well as a newly initiated attempt to intimidate the Defendant Villages and elected officials into dropping their legitimate environmental concerns. Plaintiffs' conduct here, respectfully, should be firmly repudiated by this Court, and the Motion to Dismiss granted in its entirety.

---

[1]    Pursuant to Part II(B) of the Court's Individual Rules of Practice, a copy of the Complaint is annexed to the Notice of Motion as Exhibit "A".

This action arises from a dispute involving Plaintiffs' desire to construct an unprecedented 60-unit multifamily development on a 4.7 acre parcel of land on the so-called Nike Site located in the Town of Ramapo (the "Town") immediately abutting Defendants' long settled single-family neighborhoods.  The only question here is whether the Defendant Villages' legal challenge to the Towns' enactment of its Adult Student Housing Law and subsequent approved multifamily development on environmental grounds pursuant to New York environmental law could rise under any legal theory to constitute civil rights and constitutional violations under 42 U.S.C. Sections 1982 and 1983, the Equal Protection and Freedom of Religion clauses of the United States and New York Constitutions, and the New York Civil Rights Law.

The so-called controversy here arises out of the same facts related to the <u>Village of Chestnut Ridge, et al. v. Town of Ramapo, et al.</u>, 04 CV 8865 (S.D.N.Y.) ("<u>Chestnut Ridge</u>"), which defendants therein have improperly removed to this Court after experiencing a string of unsuccessful decisions in the State Courts.  It is difficult to imagine how raising legitimate issues of potential adverse environmental impacts to specifically identified statutory areas under well settled environmental law, such as community character, traffic, water supply and sewer capacity, could constitute illegal constitutional acts of discrimination, especially when the Chief Judge of the Environmental Court of Westchester County Supreme Court, as well as the Appellate Division, Second Department, both found in favor of the Villages in separate, well reasoned, and lengthy decisions.[2]

---

[2]      <u>See</u> <u>Vill. of Chestnut Ridge v. Town of Ramapo</u>, Index No. 16876/04, slip op. at 15 (Sup. Ct. Westchester Cty. June 13, 2005) (Nicolai, J.), <u>aff'd as modified</u>, 45 A.D.3d 74, 841 N.Y.S.2d 321 (2d Dep't 2007).  Defendant Village of New Hempstead is not a party to the <u>Chestnut Ridge</u> action, but is still inexplicably named as a Defendant here by Plaintiffs.

Even if said causes of action could be maintained, Plaintiffs fail to plead any facts (aside from conclusory statements) demonstrating that the alleged actions of the Defendants directly harmed them, or that intervention of the Court would benefit them in any way. There is simply no causal or other link between any action of the Defendants, and any harm alleged by Plaintiffs. Plaintiffs' property is not located within the jurisdiction of the Defendant Villages. It is not subject to the Villages' zoning regulations. Plaintiffs allege no acts, determinations, or specific zoning regulations of the Defendant Villages, which in any way preclude them from locating or living in said municipalities. Plaintiffs have thus failed to sustain any recognizable causes of action pursuant to federal law, or even to demonstrate they have standing to bring said challenges against the Villages.

Plaintiffs' claims against the individual Defendants must also be dismissed. The individuals' alleged actions are constitutionally protected under the First Amendment rights of assembly, petition and association.

In addition, Plaintiffs' claims in their entirety are also barred by the applicable three year statute of limitations. Not one of the alleged actions occurred after 2004. Finally, Plaintiffs' allegations against Defendant Village of New Hempstead are barred on the grounds of *res judicata*, in connection with a prior litigation.

Rather than restating the three and a half year history behind this litigation, Defendants respectfully refer the Court to the Statement of Facts contained within Petitioners' Motion to Remand in the <u>Chestnut Ridge</u> matter presently pending before this Court.[3]

---

[3]     Defendants do not concede any of the facts set forth in Plaintiffs' pleadings.

For the numerous reasons set forth below, Defendants seek an Order dismissing the instant action in its entirety.[4]

## ARGUMENT

## POINT I.

## PLAINTIFFS' COMPLAINT FAILS TO STATE A CAUSE OF ACTION

Deciphering Plaintiffs' Complaint, it appears that Plaintiffs assert two basic propositions. First, it seems that Plaintiffs are contending that Defendants violated their constitutional rights by somehow "prohibiting" them and their attendant multi-family housing within the borders of the Defendant Villages. Second, Plaintiffs appear to be contending that the commencement of the Chestnut Ridge litigation somehow violated Plaintiffs' constitutional rights. Plaintiffs fail to state a cause of action under either of these propositions. They must be dismissed pursuant to FRCP 12(b)(6) for the reasons articulated, *infra*.

### A.    Plaintiffs' Unsupported Allegations Are Insufficient To Maintain This Action

It is well-settled that "[f]or the purposes of a motion to dismiss, the material allegations of the complaint are taken as admitted," and "the complaint is to be liberally construed in favor of plaintiff." Jenkins v. McKeithen, 395 U.S. 411, 89 S. Ct. 1843, 1849 (1969) (citations omitted). It is equally prominent, however, that "[t]he allegations of a complaint must be 'well pleaded' and . . . the court need not accept 'sweeping and unwarranted averments of fact.'" In re Mosello, 190 B.R. 165, 168 (S.D.N.Y. 1995); see also Leeds v. Meltz, 85 F.3d 51 (2d Cir. 1996) ("[B]ald assertions and conclusions of law will not suffice.").

As the Supreme Court recently held, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

---

[4]    Defendants also intend to make a Motion for Sanctions pursuant to FRCP 11(c), which is required to be made separately from the instant Motion to Dismiss. See FRCP 11(b)(1).

4

formulaic recitation of a cause of action's elements will not do."  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1959 (2007).  A Complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Id.; see also Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008) (citations omitted); accord Thompson v. Linvatec Corp., 2008 WL 541164, *2 (N.D.N.Y. 2008); Parisi v. Coca-Cola Bottling Co. of New York, 995 F. Supp. 298, 300-01 (E.D.N.Y. 1998), aff'd, 172 F.3d 38 (2d Cir. 1999); Great Atl. & Pac. Tea Co., Inc. v. Town of East Hampton, 997 F. Supp. 340, 346 (E.D.N.Y. 1998).

Plaintiffs' pleadings represent precisely the type of sweeping and unwarranted allegations regularly rejected by the Courts.  Plaintiffs allege without any basis, for example, that the Defendant Villages acted improperly somehow by "incorporate[ing] to, *inter alia*, provide local zoning regulations inconsistent with the religious practices of the Orthodox and Hasidic Jewish Communities."  (Complaint, ¶¶ 79, 107, 119, 122). Plaintiffs go on to allege that "Defendants have conspired to selectively, discriminatorily and improperly violate[]" Plaintiffs' constitutional and civil rights (see Complaint, ¶¶ 130, 137, 140); that various individual Defendants took part in an "effort to restrict the Orthodox/Hasidc Jewish population in the Town of Ramapo and its environs" (Complaint, ¶ 116); that Wesley Hills has "chosen to impose and implement a land use regulation that is design[ed] to . . . totally exclude[] religious assemblies from a jurisdiction (Complaint, ¶ 117); that "Wesley Hill[s] participates in [the citizen advocacy group] Preserve  Ramapo's fund raising, including receipt of donations earmarked for Preserve Ramapo Activities at the Village of Wesley Hills municipal building (Complaint, ¶ 113); and that Preserve Ramapo is somehow a political "arm of [Defendant] Wesley Hills" (Complaint, ¶ 114).  Finally, Plaintiffs claim, without any factual support, that certain of the Defendants'

commencement of an Article 78 proceeding challenging on legitimate environmental grounds the Town of Ramapo's Adult Student Housing Law and Plaintiffs' land use application somehow rises to a deprivation of constitutionally protected rights.  (See, e.g., Complaint, ¶ 77).

These are the type of unsupported, bald assertions, which dominate Plaintiffs' pleadings, and contain absolutely no concrete supporting facts or actionable claims.  Plaintiffs fail to allege any specific actions or restrictive practices they purport to be challenging, what tangible harm they have suffered, and precisely what concrete relief or intervention is being requested by this Court to somehow alleviate such harm.[5]  See, e.g., Warth v. Seldin, 422 U.S. 490, 95 S. Ct. 2197, 2210 (1975) ("We hold only that a plaintiff who seeks to challenge exclusionary zoning practices must allege *specific, concrete facts* demonstrating that the challenged practices harm him, and that he personally would benefit in a tangible way from the court's intervention" (emphasis added)); Citizens Council on Human Relations v. Buffalo Yacht Club, 438 F. Supp. 316, 321 (W.D.N.Y. 1977) (dismissing civil rights claims of plaintiffs who failed to plead "specific, concrete facts demonstrating that the alleged discriminatory practices harm them").

Respectfully, the subject pleadings cannot sustain the causes of action asserted in the instant Complaint.

---

[5]     Plaintiffs' apparent attempt at pleading a conspiracy cause of action must also be rejected. (Complaint, ¶¶ 130, 134, 137, 140)  "Allegations of conspiracy can be neither vague nor conclusory, but must 'allege *with at least some degree of particularity* overt acts which defendants engaged in which were reasonably related to the promotion of the alleged conspiracy.'"  Petruso v. Schlaefer, 474 F. Supp. 2d 430, 441 (E.D.N.Y. 2007) (emphasis added), citing Fariello v. Rodriguez, 148 F.R.D. 670, 677 (E.D.N.Y. 1993), quoting Chodos v. Federal Bureau of Investigation, 559 F. Supp. 69, 72 (S.D.N.Y.), aff'd., 697 F.2d 289 (2d Cir. 1982), cert. denied, 459 U.S. 1111, 103 S. Ct. 741 (1983). Plaintiffs' conclusory assertions that Defendants somehow conspired, in some unspecified manner, do not come close to meeting their burden.

**B.**     **Plaintiffs Fail To Allege Facts Necessary To State
A Cause Of Action For Violation Of Civil Rights**

**1.**     **Plaintiffs Fail To Allege Facts Necessary To
Maintain An Action Under 42 U.S.C. Section 1982**

In order to maintain a cause of action under Section 1982, Plaintiffs "must allege facts from which it reasonably could be inferred that, absent the [Defendants'] restrictive zoning practices, there is a substantial probability that they would have been able to purchase or lease [property in the Villages] and that, if the court affords the relief requested, the asserted inability of petitioners will be removed." Warth v. Seldin, 422 U.S. 490, 95 S. Ct. 2197, 2207-08 (1975). Put another way, to demonstrate a prima facie case of discrimination under Section 1982, the Complaint must demonstrate that "(1) the plaintiff is a member of a racial minority; (2) the plaintiff applied for, and was qualified to rent or purchase, a certain property or housing; (3) the plaintiff was rejected; and (4) the housing or rental opportunity remained available thereafter." 15 Am. Jur. 2d Civil Rights § 55.

Plaintiffs fail to allege that they sought – or even desire – to purchase or lease property in any of the Defendant Villages, that they were unable to purchase or lease such property, what zoning practices purportedly prohibited them from renting or purchasing such property or what relief they are seeking to remove such alleged inabilities. See, e.g., Warth, 95 S. Ct. at 2211 (dismissing action where "the taxpayer-petitioners are not themselves subject to [the adjoining municipality's] zoning practices . . . [n]or do they allege that the challenged zoning ordinance and practices preclude or otherwise adversely affect a relationship existing between them and the persons whose rights assertedly are violated"); see also Evans v. Lynn, 537 F.2d 571, 595 (2d Cir. 1975) (dismissing on standing grounds where "appellants have failed to allege any facts whatsoever indicative of injury suffered by them. . . They do not claim . . .

that they unsuccessfully sought housing in the Town, or that the Town arbitrarily rejected housing proposals of benefit to them. . . This goes beyond even the realms of 'remote possibility' which were rejected in <u>Warth</u>. It amounts to pure speculation and conjecture and, needless to say, it is completely inadequate to demonstrate the requisite injury under Article III.").

      Plaintiffs cannot sustain a cognizable cause of action under Section 1982.

**2.     <u>Plaintiffs Fail To Allege Facts Necessary To Maintain An Action Under 42 U.S.C. Section 1983</u>**

      In order to establish a claim under 42 U.S.C. Section 1983, a plaintiff must demonstrate a deprivation of a constitutional right, that there are damages or actual injury, and "a causal connection between the wrongful conduct and the alleged deprivation." 14 C.J.S. <u>Civil Rights</u> § 45. Plaintiffs must also prove discriminatory motive or purpose behind the alleged discriminatory conduct. <u>See</u> <u>Cromer v. Crowder</u>, 273 F. Supp. 2d 1329, 1333 (S.D. Fla. 2003). As set forth in Point I(A), *infra*, Plaintiffs fail to raise any facts other than the most general, unsupported and conclusory allegations, to establish a deprivation of constitutional rights under the Equal Protection Clause or the First Amendment as a result of either the zoning laws or practices of the Defendant Villages, the participation in the public process by the individual Defendants, or the commencement of the pending <u>Chestnut Ridge</u> action.[6]

      The instant matter bears a striking resemblance to a similar case in this District Court decided by Judge Edward Weinfeld in <u>Weiss v. Willow Tree Civic Association</u>, 467 F. Supp. 803 (S.D.N.Y. 1979).[7] There, a congregation of Hasidic Jews sought to establish a housing development specifically in the Town of Ramapo. The congregation contended that the

---

[6]     For the same reasons set forth herein, Plaintiffs fail to state a cause of action under Article I, Sections 3 and 11 of the New York State Constitution, and Section 40-c of the New York Civil Rights Law.

[7]     Individual Defendants exist in the instant action, who were also defendants in the 1979 case.

Willow Tree Civic Association, as well as its members, "conspired and acted to harass and delay

plaintiffs' application to the zoning authorities." Plaintiffs claims against the association and its

members under 42 U.S.C. sections 1982, 1983 and 1985 were summarily dismissed for many of

the same reasons applicable here:

> Plaintiffs by their pleading have sought to transmute a zoning
> dispute, still pending, into assorted claims of violation of federally
> protected constitutional rights. To uphold the complaint would, as
> Judge Waterman stated in a similar context, "be inviting every
> party to a state proceeding angered at delay to file a complaint in
> this court reciting the history of his state case and concluding with
> a general allegation of conspiracy." Such was not the intendment
> or purpose of the civil rights acts.

Weiss, 467 F. Supp. at 819, quoting Powell v. Workmen's Compensation Bd., 327 F.2d 131, 137

(2d Cir. 1964).

Much like in Weiss, this case relates, pure and simply, to a pending zoning and

land use dispute.  The underlying dispute pertains to the detrimental impacts resulting from a

material down-zoning in the Town of Ramapo's Zoning Ordinance, and Plaintiffs' subsequent

development of sixty (60) multi-family units on a mere 4.7 acre parcel in an exclusively single

family neighborhood. The Town of Ramapo's prior zoning permitted eight (8) units to be built

on this property, an amount consistent with the surrounding community character. This was not

an atypical challenge under the New York State Environmental Quality Review Act

("SEQRA").[8]  SEQRA litigation often involves zoning density increases, and their potential for

---

[8]    See, e.g., Ctr. Square Ass'n, Inc. v. City of Albany Bd. of Zoning Appeals, 9 A.D.3d 651, 780
N.Y.S.2d 203, 205-06 (3d Dep't 2004) (holding that impacts resulting from increased density fall within
the zone of interests of SEQRA); McGrath v. Town Bd. of North Greenbush, 254 A.D.2d 614, 678
N.Y.S.2d 834, 836 (3d Dep't 1998) (holding that a petitioner had standing on the grounds of increased
noise, vehicle and truck traffic, and degradation of community character and quality of life); 6
N.Y.C.R.R. pt. 617; cf. Maryland-National Capital Park & Planning Comm'n v. U.S. Postal Serv., 487
F.2d 1029, 1038 (D.C. Cir. 1973) (holding that under SEQRA's federal counterpart, the National
Environmental Policy Act, "it is Federal policy to 'assure for all Americans safe, healthful, productive,
and esthetically and culturally pleasing surroundings.'" (citations omitted)).

significant adverse environmental impacts on community character, water supply, sewage capacity and traffic.

Plaintiffs cannot point to any facts remotely indicating that the commencement of the Chestnut Ridge action was based upon discriminatory motives or conduct. They cannot demonstrate that as a result of such environmental causes of action – which were upheld by Westchester County Supreme Court and the Appellate Division, Second Department on established New York State SEQRA grounds – they have suffered a deprivation of a constitutional right, damages or actual injury, or that there is any causal connection between the claimed wrongful conduct and the alleged deprivation. Nor can they establish harm as a result of specific discriminatory conduct by the Villages in their zoning practices. As in Weiss, to uphold the Complaint here would be contrary to the intent and purpose of the Civil Rights Act.

## POINT II.

## PLAINTIFFS LACK STANDING TO MAINTAIN THEIR CLAIMS

Plaintiffs also do not have standing to prosecute the instant action. Plaintiffs' Complaint must, therefore, be dismissed pursuant to FRCP 12(b)(1). Plaintiffs' property – i.e., the Nike Site – is located entirely within the Town of Ramapo. (Complaint, ¶ 8). The Defendant Villages have taken no action or made any determination with respect to any land use application affecting Plaintiffs' property. Nor are any such actions or determinations alleged by Plaintiffs; Defendants have no such authority.

Plaintiffs simply cannot allege that the Defendant Villages in any way rendered a decision – either through the Villages' zoning laws and land use procedures, or by the commencement of the Chestnut Ridge action – that caused a direct harm or injury to the civil rights of Plaintiffs. See Warth v. Seldin, 422 U.S. 490, 95 S. Ct. 2197, 2210 (1975) ("Whatever

may occur in Penfield, the injury complained of – increases in taxation – results only from decisions made by the appropriate Rochester authorities, who are not parties to this case."). There is no causation between any action of Defendants, and an adverse impact Plaintiffs' constitutional rights or ability to exercise their religion.  See id. ("Apart from the conjectural nature of the asserted injury [to constitutionally protected rights], the line of causation between Penfield's actions and such injury is not apparent from the complaint.").

        The decision of the United States Supreme Court in Warth is squarely on point. There, petitioners, who resided in the City of Rochester, claimed that the adjoining Town of Penfield's zoning ordinance "'by its terms and as enforced by the defendant board members . . . effectively excluded persons of low and moderate income from living in the town, in contravention of petitioners' First, Ninth, and Fourteenth Amendment rights and in violation of 42 U.S.C. [Sections] 1981, 1982, and 1983." Warth, 95 S. Ct. at 2202.  More specifically, the petitioners there:

> alleged in conclusory terms that they are among the persons excluded by respondents' actions.  None of them has ever resided in Penfield; each claims at least implicitly that he desires, or has desired, to do so. Each asserts, moreover, that he made some effort, at some time, to locate housing in Penfield that was at once within his means and adequate for his family's needs. Each claims that his efforts proved fruitless.

Id. at 2208.

        The Court, in questioning whether petitioners had standing to bring their claims, inquired whether petitioners' "inability to locate suitable housing in Penfield reasonably can be said to have resulted, in any concretely demonstrable way, from respondents' alleged constitutional and statutory infractions."  Id.  The Court further held that petitioners failed to "allege facts from which it reasonably could be inferred that, absent the respondents' restrictive

11

zoning practices, there is a substantial probability that they would have been able to purchase or lease in Penfield and that, if the court affords the relief requested, the asserted inability of petitioners will be removed." Id. at 2207-08, citing Linda R.S. v. Richard D., 410 U.S. 614, 93 S. Ct. 1146 (1973).

Much like the Complaint in the instant case, petitioners' failure in Warth to adequately allege how respondents' actions harmed them precluded a finding of standing. See Warth, 95 S. Ct. at 2208, citing 495 F.2d 1187, 1191 (2d Cir. 1974) (lower Court decision) ("[N]one of these petitioners has a present interest in any Penfield property; none is himself subject to the ordinance's strictures; and none has even been denied a variance or permit by respondent officials.") Thus, the Warth Court held:

> The rules of standing, whether as aspects of the Art. III case-or-controversy requirement or as reflections of prudential considerations defining and limiting the role of the courts, are threshold determinants of the propriety of judicial intervention. *It is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers.* We agree with the District Court and the Court of Appeals that none of the petitioners here has met this threshold requirement.

Warth, 95 S. Ct. at 2215 (emphasis added).

As set forth in Point I(A), *infra*, and articulated in Warth, Plaintiffs likewise here fail to "allege specific, concrete facts demonstrating that the challenged practices [e.g., the opposition to Plaintiffs' project on the Nike Site or other purported actions] harm [them], and that [they] personally would benefit in a tangible way from the court's intervention. Absent the necessary allegations of demonstrable, particularized injury, there can be no confidence of 'a real need to exercise the power of judicial review' or that relief can be framed 'no (broader) than required by the precise facts to which the court's ruling would be applied.'" Warth, 95 S. Ct.

2210, quoting Schlesinger v. Reservists to Stop the War, 418 U.S. 208, 94 S. Ct. 2925, 2932 (1974).

Plaintiffs, as such, fail to allege any ownership of property in Defendant Villages; do not allege that they have attempted to obtain approvals from any of the Defendant Villages; that they have an interest in any project or development being proposed in any of the Defendant Villages; that they have been unjustifiably denied any applications, approvals by the Defendant Villages, or that they have sought to or have been denied the ability to live in those communities. See ACORN v. County of Nassau, 2006 WL 2053732, *8 (E.D.N.Y. 2006) ("Because none of the plaintiffs in Warth had 'a present interest' in the property, and because plaintiffs' desire to live in the area at issue depended on the actions of third party developers, the Supreme Court found that plaintiffs' lacked standing"). Plaintiffs here have not been harmed. It is also unclear what relief or intervention Plaintiffs are seeking from this Court, aside from unsupported monetary damages, that would rectify or supposedly correct such harms.

Plaintiffs do not have standing to raise any of the causes of action in their Complaint, and accordingly, it must be dismissed on standing grounds alone.[9]

## POINT III.

## THE ALLEGED ACTIONS OF THE INDIVIDUAL DEFENDANTS ARE CONSTITUTIONALLY PROTECTED

Plaintiffs causes of action against the individual Defendants must also be dismissed. They relate to actions, which "are inextricably bound up with the [D]efendants'

---

[9]     The relevant standing analysis set forth in Warth is applicable to Plaintiffs' claims under the Equal Protection Clause. See ACORN v. County of Nassau, 2006 WL 2053732, *7, n.1 (E.D.N.Y. 2006) ("The Court uses the same analysis to determine plaintiffs' standing under both the Equal Protection Clause and 42 U.S.C. §§ 1981, 1982, and 1983."), citing Huntington Branch, NAACP v. Town of Huntington, 689 F.2d 391 (2d Cir. 1982), Jackson v. Okaloosa County, 21 F.3d 1531, 1539 (11th Cir. 1994).

exercise of First Amendment rights of assembly, petition and association." Weiss, 467 F. Supp. at 816. Such rights are constitutionally protected, and necessitate dismissal of the Complaint.

The individuals here admittedly spoke out against Plaintiffs' project. They sought to compel the Town of Ramapo to fulfill its legal obligation to adhere to the mandates of SEQRA, and to require that Plaintiffs undertake a complete environmental review of the significant potential impacts, which would result from Plaintiffs' project. These actions are unquestionably protected by the First Amendment.

The Supreme Court has long held that, as a general rule, a cause of action cannot be predicated solely upon a party's attempt to influence legislative or executive action. See United Mine Workers v. Pennington, 381 U.S. 657, 85 S. Ct. 1585 (1965); Eastern R. R. Presidents Conference v. Noerr Motor Freight, Inc, 365 U.S. 127, 81 S. Ct. 523 (1961). This doctrine, commonly known as the "Noerr-Penington doctrine," has been applied to individuals who petition administrative agencies and the Courts through initiating legal proceedings. See Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc., 508 U.S. 49, 113 S. Ct. 1920 (1993).

Moreover, the fact that the individual Defendants are not only citizens, but also elected officials, does not somehow strip them of their freedom of speech under the First Amendment. "One does not lose one's right to speak upon becoming a legislator." X-Men Sec., Inc. v. Pataki, 196 F.3d 56, 69 (2d Cir. 1999); see also Bond v. Floyd, 385 U.S. 116, 87 S. Ct. 339, 348 (1966) (holding that the First Amendment does not permit legislators to be held to a stricter standard that citizens); Cooper v. Town of East Hampton, 888 F. Supp. 376, 379 (E.D.N.Y. 1995) ("A public official's right to speak to the press and the public about his/her concerns or views is certainly protected by the First Amendment.").

Plaintiffs make the conclusory allegations, for example, that in challenging Plaintiffs' project, the individual Defendants, in their individual and official capacity "used racist remarks and racial stereotyping to install [sic] fear and misinformation in regards to the passage of the [Town of Ramapo's] Master Plan. Articles were written and speeches were given, deriding the Orthodox and Hasidic Communities, including Chofetz Chaim, because of their religious beliefs and religious beliefs and religious mode of dress." (Complaint, ¶ 66).

These allegations are untrue. Plaintiffs provide absolutely no support for their contentions. Even accepting these allegations as true, they are insufficient to maintain an action against the individuals.

"[T]he Supreme Court has recognized that attempts to influence public officials may occasionally result in deception of the public, manufacture of false sources of reference, and distortion of public sources of information; such deception, as reprehensible as it is, may be of no consequence because in the course of proceedings the falsity of the statements may be scrutinized and revealed." Alfred Weissman Real Estate, Inc. v. Big V Supermarkets, Inc., 268 A.D.2d 101, 707 N.Y.S.2d 647, 653 (2d Dept. 2000) ("[C]ourts have upheld [individuals' First Amendment rights to petition the government] even when the petitioning activity included the use of questionable or underhanded activity."), citing Eastern R. R. Presidents Conference v. Noerr Motor Freight, Inc, 365 U.S. 127, 81 S. Ct. 523 (1961); see also Weiss v. Willow Tree Civic Ass'n, 467 F. Supp. 803, 816-17 (S.D.N.Y. 1979); Aknin v. Phillips, 404 F. Supp. 1150 (S.D.N.Y. 1975) (holding that individuals are protected by the First Amendment, and are "entitled to speak, and even to speak sharply" to demand lawful municipal action).

Moreover, the Southern District of New York recognizes that the Noerr-Pennington Doctrine applies not only to parties that campaign against a land use application, but

also to parties who file Article 78 Petitions.  In <u>Weiss</u>, for example the Court held that an Article 78 petition and administrative complaint filed with the DEC fell squarely "within the right to petition."  <u>See</u> <u>Weiss</u>, 467 F. Supp. at 817.

As in <u>Weiss</u>, "[v]irtually all the conduct alleged against [D]efendants [here] falls squarely under Noerr's conclusion that the First Amendment protects 'attempts to influence the passage or enforcement of laws,' no matter how harmful their incidental impact on third parties may be."  <u>Id.</u> at 818.[10]  Accordingly, the Complaint against the individual Defendants must be dismissed in its entirety.

## POINT IV.

## THE COMPLAINT IS BARRED UNDER THE
## APPLICABLE STATUTE OF LIMITATIONS

Even assuming Plaintiffs could demonstrate they have standing to bring their claims, and assuming that the facts set forth in the Complaint as true, each of the actions complained of by Plaintiffs in the Complaint occurred more than three years ago.  Accordingly, the Complaint is also barred by the applicable three year statute of limitations.

In accordance with 42 U.S.C. Section 1988, any claims brought pursuant to Section 1982 and 1983 are governed by the applicable New York State statute of limitations.[11]

<u>See</u> <u>Greene v. Berger & Montague, P.C.</u>, 1998 WL 99574, *3 (S.D.N.Y. 1998), <u>citing</u> <u>Owens v.</u>

---

[10]  Plaintiffs' causes of action have the elements of a "text book" Strategic Lawsuit Against Public Participation ("SLAPP") in violation of New York Civil Rights Law Sections 70-a and 76-a.  SLAPP suits have been characterized as meritless suits brought by private interests to deter common citizens in primarily land use actions from exercising their political or legal rights or to punish them for doing so. <u>See</u> <u>Gordon v. Marrone</u>, 155 Misc. 2d 726, 590 N.Y.S.2d 649, 656 (Sup. Ct. Westchester Cty. 1992).  The Courts in New York State have held that "[s]hort of a gun to the head, a greater threat to First Amendment expression can scarcely be imagined."  <u>Id.</u>

[11]  In applying the "appropriate" statute of limitations, Courts have declined to differentiate between a statutory civil rights claim or a constitutional claim.

Okure, 488 U.S. 235, 109 S. Ct. 573, 576 (1989). "In New York, courts repeatedly hold that such claims are subject to the *three-year limitations period* applied to general personal injury claims, which is set forth in CPLR § 214(5)." Id. (emphasis added), citing Rodriguez v. Chandler, 641 F. Supp. 1292, 1296-97 (S.D.N.Y 1986); accord Sterngass v. Town of Woodbury, 433 F. Supp. 2d 351, 358 (S.D.N.Y. 2006).[12]

Plaintiffs raise various supposed civil rights violations, which allegedly occurred in or before 2004. (See, e.g., Complaint ¶ 94 (letter sent from New Hempstead to the Ramapo Planning Board "on or about December 3, 2004"); id. ¶ 109, n.2 (quoting an article posted to a website by Defendant Robert Rhodes, dated Aug. 10, 2004); id. ¶¶ 72-73 (retention of counsel to prosecute the litigation)). There are no allegations in the Complaint pertaining to activities occurring within the three years prior to commencement of the instant litigation. Indeed, even assuming, *arguendo*, that the litigation of the Chestnut Ridge action somehow violated Plaintiffs' constitutional rights (see, e.g., Complaint, ¶ 71), that action was commenced on October 13, 2004 – over three years prior to Plaintiffs' filing of the instant matter.

---

[12]    See also Saunders v. State of New York, 629 F. Supp. 1067, 1069 (N.D.N.Y. 1986) (Section 1983), Butts v. City of New York Dep't of Hous. Pres. & Dev., 990 F.2d 1397, 1412 (2d Cir. 1993) (Section 1981); Zuccaro v. Theofan, 1995 WL 762994 (2d Cir. Dec. 27, 1995) (Section 1983); cf. Scheerer v. Rose State Coll., 950 F.2d 661 (10th Cir. 1991), cert. denied 505 U.S. 1205, 112 S. Ct. 2995 (1992) (applying Oklahoma's two-year personal injury statute of limitations to Section 1982 claim); Hall v. Burger King Corp., 912 F. Supp. 1509 (S.D. Fla. 1995) (applying District of Columbia three year statute of limitations for personal injury claims to Section 1982 claim); Wright v. St. John's Hosp., 414 F. Supp. 1202, 1204 (D.C. Okl. 1976), citing O'Sullivan v. Felix, 233 U.S. 318, 34 S. Ct. 596 (1914) ("The application of state limitation statutes for federally-created causes of action under the Reconstruction Civil Rights Acts, 42 U.S.C. [Sections] 1981-1985, is well settled.").

There is authority in New York suggesting a one year and ninety day statute of limitation is more "appropriate" in civil rights claims against a municipality. See Fine v. City of New York, 529 F.2d 70 (2d Cir. 1976) (applying one year and ninety day period of limitation under N.Y. Gen. Mun. Law § 50-I to a Civil Rights Act and the Fourteenth Amendment claim); Gipson v. Bass River Tp., 82 F.R.D. 122, 128 (D.C.N.J., 1979), citing  Lombard v. Bd. of Ed. of City of New York, 440 F. Supp. 577, 584 (E.D.N.Y. 1977) (applying § 50-i to a tort claim brought by a teacher against the City Board of Education which was based on the Fourteenth Amendment). This disagreement is academic in the case at bar, however, as the Plaintiffs have failed to meet the statute of limitation under either provision.

Accordingly, Plaintiffs' Complaint must be dismissed on statute of limitations grounds.

## POINT V.

## PLAINTIFFS WERE REQUIRED TO BRING THEIR CLAIMS IN THE *CHESTNUT RIDGE* ACTION

Even assuming, *arguendo*, that certain of Plaintiffs' claims had merit and are not time-barred under the applicable statute of limitations, "[a] counterclaim is compulsory under F.R. 13(a) 'if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." United Artists Corp. v. Masterpiece Prod., 221 F.2d 213, 216 (2d Cir. 1955) (citations omitted) ("In practice this criterion has been broadly interpreted to require not an absolute identity of factual backgrounds for the two claims, but only a logical relationship between them.").

Plaintiffs' current claims should have been brought – and in fact, some *were* brought – as compulsory counterclaims in the Chestnut Ridge action. Id. ("'Transaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship."); see also Hoffman v. Wisner Classic Mfg. Co., Inc., 927 F. Supp. 67, 74 (E.D.N.Y. 1996) (Courts "interpret Rule 13 liberally consistent with the general objectives of the Rule in order to 'avoid multiplicity of litigation, minimize the circuity of actions and foster judicial economy.'"); cf. Ambase Corp. v. City Investing Co. Liquidating Trust, 326 F.3d 63 (2d Cir. 2003) (The "rule against claim splitting 'is based on the belief that it is fairer to require a plaintiff to present in one

18

action all of his theories . . . than to permit him to prosecute overlapping or repetitive actions.").[13]

The Court need only peruse the pleadings in connection with <u>Chestnut Ridge</u> to establish that the causes of action in Plaintiffs' instant Complaint arise out of the same purported transactions and occurrences.  Plaintiffs allege, for example, that "[t]he retention of counsel and the prosecution of [the <u>Chestnut Ridge</u>] litigation in the name of the Villages was a discretionary act of the individual defendants and done to further their personal agendas, albeit done under the guise of proper municipal action."  (Complaint, ¶ 73).  The Complaint further states that "[t]he Villages' challenge to the Town's Recent Enactments . . . was designed to create a forum to impede the development of Mosdos's Real Property through the use of the judicial process."  (Complaint, ¶ 77).  These allegations relate directly to the <u>Chestnut Ridge</u> case, and were raised (or should have been raised) in said litigation.[14]

Accordingly, the Complaint must be dismissed in accordance with FRCP 13(a).

---

[13]    As set forth in Point VI, *surpa*, certain of Plaintiffs' claims against New Hempstead must similarly be dismissed on *res judicata* grounds, as they were or could have been raised in the prior proceeding involving the same parties and/or their predecessors.  See <u>Yeshiva Chofetz Chaim Radin, Inc. v. Vill. of New Hempstead, et al.</u>, 97 Civ. 4021 (CM).

[14]    In <u>Chestnut Ridge</u>, Plaintiffs stated six (6) counterclaims, alleging violations of the Free Exercise and Free Speech Clauses of the First Amendment, Fourteenth Amendment and Section 1983; the "substantial burden" and "nondiscrimination" provisions of the Religious Land Use and Institutionalized Persons Act of 2000, Sections 2000cc(2)(a) and 2000cc(2)(b)(2); and the Fair Housing Act, 42 U.S.C. Sections 3604 and 3617.  (See <u>Chestnut Ridge</u> Answer & Counterclaims, ¶¶ 368-94).  Ironically, the only distinct claims brought in the instant matter are based upon New York State law.  The instant action states eight (8) causes of action, alleging violations of Section 1982, Section 1983, the Equal Protection Clause of the Fourteenth Amendment; the Free Exercise and Free Assembly Clauses of the First Amendment and the New York State Constitution; and the New York Civil Rights Law.  (See Complaint, ¶¶ 123-43).

## POINT VI.

### PLAINTIFFS' CLAIMS AGAINST NEW HEMPSTEAD ARE BARRED UNDER THE DOCTRINE OF *RES JUDICATA*

Plaintiffs' claims against Defendant Village of New Hempstead ("New Hempstead") are also barred entirely under the doctrine of *res judicata*.

Plaintiffs set forth numerous allegations over two and a half pages pertaining to New Hempstead. Many of these allegations pertain to actions, which relate to a prior, resolved litigation in Yeshiva Chofetz Chaim Radin, Inc. v. Village of New Hempstead, 97 Civ. 4021 (S.D.N.Y.) (CM) (the "Prior New Hempstead Litigation"). (See Complaint, ¶ 80). (A copy of the Prior New Hempstead Litigation Complaint is annexed to Defendants' Notice of Motion as Exhibit "B").[15] The Nike Site had been under the jurisdiction of New Hempstead. As a result of the settlement of the Prior New Hempstead Litigation, the Nike Site was transferred to the jurisdiction of the Town of Ramapo.

The Prior New Hempstead Litigation was settled pursuant to a Stipulation and Order, dated December 14, 2000, entered on December 15, 2000 (the "Stipulation"). (A copy of the Stipulation is annexed to Defendants' Notice of Motion as Exhibit "C"). The Stipulation was so-ordered by Magistrate Judge Lisa Margaret Smith. The purpose of the Stipulation was, *inter alia*, for the parties to "mutually agree[] to resolve their differences through [the] Stipulation of

---

[15]     Exhibits "B" through "D", annexed to the Notice of Motion, are provided to the Court since Plaintiffs failed to do so. They are documents within Plaintiffs' possession, the Complaint references said documents, and Plaintiffs rely upon them in bringing their claim. Edison Fund v. Cogent Inv. Strategies Fund, Ltd., 2008 WL 857631, *1 (S.D.N.Y. 2008) ("In deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are referenced in the Complaint, documents that the plaintiffs relied on in bringing suit and that are either in the plaintiffs' possession or that the plaintiffs knew of when bringing suit, or matters of which judicial notice may be taken.") (citations omitted); accord Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991). (See Complaint, ¶¶ 40, 80, 93, 94).

Settlement." (Stipulation at 3). It was expressly stated therein that the "Stipulation shall be full, final and with prejudice." (Stipulation, ¶ 7).

Despite the Stipulation, Plaintiffs raise essentially the same claims against New Hempstead. Plaintiffs in the instant case, for example, contend that "New Hempstead's zoning is designed to create enormous difficulty for ultra religious and Hasidic Jews to reside within its boundaries." (Complaint, ¶ 98). An almost identical allegation was made in the Prior New Hempstead Litigation: "The effect of the Village Code [of New Hempstead] is to limit or otherwise prevent ultra-Orthodox Jews from residing in the Village." (Prior New Hempstead Litigation Complaint, ¶ 53).[16]

The Stipulation dismissing the Prior New Hempstead Litigation "with prejudice" precludes the instant claims against New Hempstead." <u>Monahan v. New York City Dep't of Corrections</u>, 214 F.3d 275, 288-89 (2d Cir. 2000) (holding where a stipulation calls for dismissal

---

[16]     Plaintiffs make a new and conclusory allegation in the Complaint that "on or about December 3, 2004, New Hempstead contacted the Planning Board of the Town of Ramapo and stated that it was their understanding 'that the buildings in question have, or may contain asbestos.' (the 'Continued Representations')." (Complaint, ¶ 94). Plaintiffs further allege, without any basis cited for such contention, that the so-called "Continued Representations were false," and "were made to thwart the Yeshiva's development and religious use of the [Site]." (Complaint, ¶¶ 95-96).

New Hempstead did not initiate contact with the Planning Board. It "contacted" the Planning Board pursuant to its obligations under New York General Municipal Law Section 239-m. Plaintiffs' land use application was referred to New Hempstead for comment under New York General Municipal Law since it is an adjoining municipality. New Hempstead responded to the referral by stating that the site might contain asbestos:

> It is our understanding that the buildings in question have, or may contain asbestos. The Town should ensure that if asbestos is present in any of the buildings, removal be performed pursuant to industry standards and by a licensed asbestos removal company. These concerns raise serious health, maintenance and welfare of the surrounding area and surrounding landowners.

(Letter from Joel A. Grossbarth, Village of New Hempstead Attorney, to Town of Ramapo Planning Board, Re: GML Review for Kiryas Radin Housing, dated Dec. 3, 2004, at 1, annexed to Defendants' Notice of Motion as Exhibit "D"). There is no inference that can be made supporting Plaintiffs' argument that this "representation" to the Town was intended to "keep out the Plaintiffs and 'their kind' for fear that the Plaintiffs were 'undesirable' people." (Complaint, ¶ 97).

of an action "with prejudice," parties could presume subsequent challenges would be precluded). "'A dismissal with prejudice has the effect of a final adjudication on the merits favorable to defendant and bars future suits brought by plaintiff upon the same cause of action.'" Samuels v. Northern Telecom, Inc., 942 F.2d 834, 836 (2d Cir. 1991), quoting Nemaizer v. Baker, 793 F.2d 58, 60 (2d Cir. 1986); see also Lawlor v. Nat'l Screen Serv. Corp., 349 U.S. 322, 75 S. Ct. 865, 868 (1955).  Furthermore, "[a] dismissal with prejudice is *res judicata* not only as to the matters actually litigated in the previous action, 'but as to all relevant issues which could have been but were not raised and litigated in the suit.'" Id. (citations omitted).

Accordingly, the Complaint must be dismissed as to New Hempstead on the grounds of *res judicata*.

## **CONCLUSION**

For all the foregoing reasons, Defendants respectfully seek an Order:

(i)     dismissing the Complaint in its entirety, with prejudice, pursuant to FRCP 12(b)(1), 12(b)(6) and 13(a), respectively, on the alternate grounds that:

(a)     the Complaint fails to state a claim upon which relief may be granted;

(b)     Plaintiffs lack standing to maintain the action;

(c)     the Complaint is barred by the applicable statute of limitations;

(d)     the Complaint it is barred under the doctrine of *res judicata* as to the Village of New Hempstead; and/or

(e)     Plaintiffs' claims were compulsory counterclaims required to be asserted in a prior case; and

(ii)     granting such other and further relief as this Court may deem just and proper.

Dated:  May 12, 2008
        White Plains, New York

                                        ZARIN & STEINMETZ

                              By:   S/ _____
                                    Michael D. Zarin (MDZ-6692)
                                    Jody T. Cross (JTC-1433)
                                    *Attorneys for Defendant Villages of*
                                    *Chestnut Ridge, Montebello, Wesley*
                                    *Hills and New Hempstead*
                                    81 Main Street, Suite 415
                                    White Plains, New York 10601
                                    (914) 682-7800

23

## CERTIFICATION

This is to certify that a copy of the foregoing Memorandum Of Law In Support Of Defendants' Motion To Dismiss was served or caused by be served by first class mail, postage prepaid, on May 12, 2008, upon the following:

> Andrew F. Pisanelli, Esq.
> Milber Makris Plousadis & Seiden, LLP
> *Attorneys for all remaining Defendants*
> 3 Barker Avenue - Sixth Floor
> White Plains, New York 10601
>
> Joseph J. Haspel, Esq.
> Joseph J. Haspel, PLLC
> *Attorney for Plaintiffs*
> 40 Mathews Street, Suite 201
> Goshen, New York 10924
>
> Reuben S. Koolyk
> Arnold & Porter LLP
> *Attorney for Plaintiffs*
> 399 Park Avenue
> New York, New York  10022
>
> Andrew J. Romanow
> Buchanan Ingersoll PC
> *Attorneys for RBS Citizens, N.A.*
> 50 Fountain Plaza, Suite 1230
> Buffalo, NY 14202

By:    S/

Michael D. Zarin (MDZ-6692)
Zarin & Steinmetz
81 Main Street, Suite 415
White Plains, New York  10601
(914) 682-7800

24