UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------- x
                                                :
MOSDOS CHOFETZ CHAIM INC., et al,
                                                :    08-CV-0156 (KMK)
            Plaintiffs,
                                                :
    - against -
                                                :    **ECF CASE**
THE VILLAGE OF WESLEY HILLS, et al,
                                                :
            Defendants.
----------------------------------------------- x


**REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF DEFENDANTS' MOTION TO DISMISS**


ZARIN & STEINMETZ
81 MAIN STREET, SUITE 415
WHITE PLAINS, NEW YORK 10601
(914) 682-7800

**TABLE OF CONTENTS**

**PAGE**

PRELIMINARY STATEMENT .................................................................................................. 1

ARGUMENT .................................................................................................................................. 2

I.      PLAINTIFFS FAIL TO STATE A CAUSE OF ACTION ...................................... 2

       A.      The Filing Of The *Chestnut Ridge* Does Not Violate Plaintiffs' Rights ....... 2

       B.      Plaintiffs Have Not Adequately Alleged *Chestnut Ridge* Was "Purely Pretextual" ........................................................ 3

II.     PLAINTIFFS HAVE NOT DEMONSTRATED THEY HAVE STANDING ......... 4

III.    DEFENDANTS' CONDUCT IS PROTECTED ...................................................... 5

       A.      Defendants' Actions Are Protected By The *Noerr-Pennington* Doctrine ..... 5

       B.      Plaintiffs Misstate The Substantive Nature Of SEQRA ............................... 6

IV.    THE COMPLAINT IS BARED BY THE STATUTE OF LIMITATIONS ............. 7

V.      RULE 13(a) NECESSITATES DISMISSAL ........................................................... 8

VI.    CLAIMS AGAINST NEW HEMPSTEAD ARE BARRED BY *RES JUDICATA* ................................................................... 9

CONCLUSION ................................................................................................................................ 10

**TABLE OF AUTHORITIES**

|  | PAGE |
|---|---|
| Adelphia Commc'ns Corp. v. Bank of Am., 365 B.R. 24 (S.D.N.Y. 2007) | 2 |
| Bascom v. Fried, 2008 WL 905210 (E.D.N.Y.) | 7 |
| Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955 (2007) | 2 |
| Bissinger v. City of New York, 2007 WL 2826756 (S.D.N.Y) | 7 |
| Chase Manhattan Bank, N.A. v. Celotex Corp., 56 F.3d 343 (2d Cir. 1995) | 9 |
| City of Columbia v. Omni Outdoor Advertising, Inc., 499 U.S. 365, 111 S. Ct. 1344 (1991) | 5 |
| Dahlberg v. Becker, 748 F.2d 85 (2d Cir. 1984), cert. denied, 470 U.S. 1084, 105 S. Ct. 1845 (1985) | 3 |
| Emigrant Sav. Bank v. Elan Mgmt. Corp., 668 F.2d 671 (2d Cir. 1982) | 2 |
| Fair Hous. in Huntington Committee Inc. v. Town of Huntington, 316 F.3d 357 (2d Cir. 2003) | 5 |
| Farid v. Bouey, 2008 WL 2127460 (N.D.N.Y.) | 2 |
| Garcia v. New York City Admin. of Children's Servs., 2007 WL 28221533 (S.D.N.Y.) | 7 |
| Gonzalez-Morales v. Hernandez-Arencibia, 221 F.3d 45 (1st Cir. 2000) | 3 |
| Gras v. Stevens, 415 F. Supp. 1148 (S.D.N.Y. 1976) | 2, 3 |
| Hallinan v. Republic Bank & Trust Co., 2007 WL 2572092 (S.D.N.Y.) | 9 |
| Harris v. City of New York, 186 F.3d 243 (2d Cir. 1999) | 8 |
| Hercules Inc. v. Dynamic Export Corp., 71 F.R.D. 101, 105 (S.D.N.Y. 1976) | 7 |
| Iqbal v. Hasty, 490 F.3d 143 (2d Cir. 2007) | 2 |
| Jackson v. Okaloosa County, 21 F.3d 1531 (11th Cir. 1994) | 5 |
| LeBlanc-Sternberg v. Fletcher, 67 F. 3d 412 (2d Cir. 1995) | 3 |

LeBlanc-Sternberg v. Fletcher, 781 F. Supp. 261 (S.D.N.Y. 1991).......................................  3, 4

Living Water Church of God v. Charter Tp. of Meridian,
    258 Fed. Appx. 729 (6th Cir. 2007)...........................................................................  3

Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 102 S. Ct. 2744 (1982) ..........................  3

Lujan v. Defenders of Wildlife, 504 U.S. 555, 112 S. Ct. 2130 (1992) ................................  5

Mazzaro De Abreu v. Bank of Am. Corp., 525 F. Supp. 2d 381 (S.D.N.Y. 2007) ...............  2

Mitchum v. Foster, 407 U.S. 225, 92 S. Ct. 2151 (1972) ....................................................  3

Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 122 S. Ct. 2061 (2002) ....................  7

People v. Davis, 411 F.2d 750 (2d Cir. 1969) .....................................................................  2

Roosevelt Islanders for Responsible Southtown Dev. v. Roosevelt Is.
    Operating Corp., 291 A.D.2d 40, 735 N.Y.S.2d 83 (1st Dep't 2001),
    leave to appeal denied, 98 N.Y.2d 608, 746 N.Y.S.2d 692 (2002) ...........................  6

Stevens v. Frick, 372 F.2d 378, cert. denied, 387 U.S. 920, 87 S. Ct. 2034 (1967)..............  3

Tizes v. Curcio, 1995 WL 476675 (N.D. Ill. 1995)...............................................................  2, 3

Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.,
    429 U.S. 252, 97 S. Ct. 555 (1977)............................................................................  4, 5

Vill. of Chestnut Ridge v. Town of Ramapo, 45 A.D.3d 74,
    841 N.Y.S.2d 321 (2d Dep't 2007)............................................................................  4

Washington v. County of Rockland, 373 F.3d 310 (2d Cir. 2004).......................................  7

Watts v. Swiss Bank Corp., 317 N.Y.S.2d 315, 317 N.Y.S.2d 315 (1970)...........................  9

Westchester Day Sch. v. Vill. of Mamaroneck, 504 F.3d 338 (2d Cir. 2007).......................  3, 5

Yeshiva Chofetz Chaim Radin, Inc. v. Vill. of New Hempstead, 98 F. Supp. 2d 347
    (S.D.N.Y. 2000)..........................................................................................................  6

**FEDERAL STATUTES**

28 U.S.C. § 2283 .................................................................................................... 5

**FEDERAL RULES**

FRCP 13(a) ............................................................................................................ 8

FRCP 13(h) ............................................................................................................ 8

FRCP 20 ................................................................................................................. 9

FRCP 20(a) ............................................................................................................ 8

**NEW YORK STATUTES**

N.Y. Gen. Mun. Law § 239-m .............................................................................. 10

**MISCELLANEOUS**

Gerrard, et al., Envtl. Impact Review in N.Y. § 1.03 ............................................ 6

3A J. Moore, Federal Practice ¶ 20.05 (2d ed. 1974) .......................................... 8

Defendants, by their attorneys, Zarin & Steinmetz, submit this Reply Brief in further support of their Motion to Dismiss.

## **PRELIMINARY STATEMENT**

Plaintiffs' latest Complaint is no more than an attempt to intimidate Defendants and shift this matter to the Federal Court to avoid the basic obligation of *every* developer in New York State – i.e., to meaningfully study the potential environmental impacts of their project, and to mitigate such impacts to the maximum extent practicable. That was the purpose of Defendants' lawsuit under the State Environmental Quality Review Act ("SEQRA"), and those were the principles upheld by the neutral and non-discriminatory Appellate and lower State Courts. If SEQRA's fundamental mandates had been properly followed in this matter, Plaintiffs currently would be operating their religious learning center, albeit with a project that would have likely been reduced in density and included other design safeguards to make it more compatible with its surrounding neighborhood and already strained area infrastructure.

Plaintiffs have not pleaded in any plausible manner, as they cannot, that there was any substantive departure from normal policy in bringing the subject SEQRA challenge, or that there was any specific sequencing of events or *direct* invidious or discriminatory animus evidenced by any of the Defendants with respect to the particular action at issue here.  In the end, Plaintiffs have not cited to any legal authority that the bringing of a legitimate environmental action, somehow constitutes a constitutional or federal statutory violation.  Nor can Plaintiffs explain why they waited almost four years from the commencement of the SEQRA challenge, the supposed discriminatory action here, to bring this lawsuit, except that a State Appellate Court ruled against them, and they were determined to open a new offensive front against Defendants.

# ARGUMENT

## POINT I.

## PLAINTIFFS FAIL TO STATE A CAUSE OF ACTION

"[P]laintiffs here have not nudged their claims across the line from conceivable to plausible, [and therefore] their complaint must be dismissed." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).[1]

### A.  The Filing Of The *Chestnut Ridge* Does Not Violate Plaintiffs' Rights

Ultimately, the only "action" from which Plaintiffs claim injury in this case is the commencement of the Chestnut Ridge lawsuit itself in State Court. (Plfs. Mem. at 19). An individual seeking Section 1982 or other federal relief here would be required to argue that the *State Court* acted with racial animus, since the court is the ultimate state actor in the current situation. Plaintiffs cannot cite to a single case from this Circuit supporting its claim that "[f]iling and prosecuting lawsuits may violate civil rights law when their purpose is to effectuate prohibited discrimination."[2] (Plfs. Mem. at 10). "[T]he [mere] fact that the Village utiliz[ed] state courts," does not provide a basis for Plaintiffs' civil rights or other federal claims. Gras v. Stevens, 415 F. Supp. 1148, 1152 (S.D.N.Y. 1976) ("To the contrary, our Court of Appeals has squarely held that 'merely by holding its courts open to litigation of complaints (a state) does not

---

[1]  Accord Iqbal v. Hasty, 490 F.3d 143, 155-58 (2d Cir. 2007); Farid v. Bouey, 2008 WL 2127460, *8 (N.D.N.Y.); Adelphia Commc'ns Corp. v. Bank of Am., 365 B.R. 24, 33 (S.D.N.Y. 2007); Mazzaro De Abreu v. Bank of Am. Corp., 525 F. Supp. 2d 381, 386 (S.D.N.Y. 2007).

[2]  Plaintiffs only cite cases grounded in the Fair Housing Act's prohibition against "coerc[ing], intimidat[ing] threaten[ing] or interfer[ing] with any person" from exercising or enjoying FHA rights. The Second Circuit has also made clear that the FHA does not confer immunity from state prosecution. Emigrant Sav. Bank v. Elan Mgmt. Corp., 668 F.2d 671, 675 n.4 (2d Cir. 1982); People v. Davis, 411 F.2d 750, 753 & n.3 (2d Cir. 1969). Plaintiffs further err to the extent they assert that Tizes v. Curcio, 1995 WL 476675 (N.D. Ill. 1995), for the proposition that filing a lawsuit in State Court itself violates Sections 1981, 1982 and the FHA. The Tizes Court only considered the affirmative defenses raised by the defendants in their Motion to Dismiss.

clothe persons who use its judicial process with the authority of the state in the sense'" required to state a federal claim.), quoting Stevens v. Frick, 372 F.2d 378, cert. denied, 387 U.S. 920, 87 S. Ct. 2034 (1967).[3] Adjudicating a claim that Plaintiffs have not complied with local land use requirements, similarly, does not violate Plaintiffs First Amendment or Equal Protection rights.[4]

No actionable constitutional claim or federal harm could occur here unless and until the *State Court* acted in some improper manner or "accomplish[ed]" an actual "unlawful end."[5] See, e.g., LeBlanc-Sternberg v. Fletcher, 67 F.3d 412, 431-33 (2d Cir. 1995)

B.  **Plaintiffs Have Not Adequately Alleged *Chestnut Ridge* Was "Purely Pretextual"**

Even taking Plaintiffs' allegations of discriminatory actions and/or statements as true, Plaintiffs fail to allege any *direct* relationship between those actions and/or statements and the commencement of the Chestnut Ridge action, or that such actions as pleaded can plausibly support a legal finding of "invidious discriminatory animus" under applicable standards.[6]

The only allegations proffered by Plaintiffs purportedly establishing Defendants "animus," which have *any* relation to the ASHL or the Nike Site, are statements that: (i)

---

[3]    See also Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 102 S. Ct. 2744, 2756 (1982); Dahlberg v. Becker, 748 F.2d 85, 90-93 (2d Cir. 1984), cert. denied, 470 U.S. 1084, 105 S. Ct. 1845 (1985); Gonzalez-Morales v. Hernandez-Arencibia, 221 F.3d 45, 49 (1st Cir. 2000).

[4]    See Westchester Day Sch. v. Vill. of Mamaroneck, 504 F.3d 338, 351 (2d Cir. 2007) (holding that the "neutral application of legitimate land use restrictions" does not constitute a "substantial burden" upon religious practice); see also Living Water Church of God v. Charter Tp. of Meridian, 258 Fed. Appx. 729 (6th Cir. 2007).

[5]    Such a scenario here might include if the State Court remanded the matter back to the Town for SEQRA compliance, the Town then adopted discriminatory conditions as part of its approval, and Defendants then sought to enforce those conditions. See also Mitchum v. Foster, 407 U.S. 225, 92 S. Ct. 2151, 2162 (1972) (discussing the "principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding").

[6]    See LeBlanc-Sternberg, 67 F.3d at 419; see also LeBlanc-Sternberg v. Fletcher, 781 F. Supp. 261, 271 (S.D.N.Y. 1991) (alleging statements made *directly* in support of the incorporation of that Village and the adoption of its zoning regulations); Tizes v. Curcio, 1995 WL 476675 (N.D. Ill. 1995) (alleging discriminatory conduct relating *directly* to the commencement of litigation).

RLUIPA was used as a justification for the ASHL and the Mosdos project – which Plaintiffs explicitly advance; (ii) RLUIPA is controversial; and (iii) the Chestnut Ridge litigation was commenced due to "a variety of procedural, and substantive errors" in the SEQRA review process. (Complaint, ¶ 115). The only other allegations pleaded by Plaintiffs in *this action* for establishing a so-called "policy" of invidious discriminatory animus is the fact that the Village of Chestnut Ridge and Montebello incorporated 22 years ago, a group called Preserve Ramapo was formed many years ago, which had no absolutely role in the Chestnut Ridge SEQRA action (and none is pleaded), and that the Village of New Hempstead over 3 years ago responded to a referral from the Ramapo Planning Board and cautioned that before a former army base is demolished in the middle of a residential neighborhood, the Agency should ensure that asbestos is not present. (Complaint, ¶ 94).

    To allow actions or statements occurring years ago in a wholly unrelated context to establish that the Chestnut Ridge action, which was legally *upheld* by two neutral courts, is somehow legally tainted as part of an invidiously motivated campaign, would be taking the reasoning of LeBlanc-Sternberg down a dangerously slippery slope.[7]

## POINT II.

## PLAINTIFFS HAVE NOT DEMONSTRATED THEY HAVE STANDING

    Plaintiffs' lack of standing is made apparent by their claims that the alleged harm is Defendants' "demand[ for] an injunction to halt construction [which] temporarily brought the

---

[7] The Chestnut Ridge matter is more analogous to the denial of a rezoning application in Village of Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252, 97 S. Ct. 555 (1977), which held that even though the decision to deny the application did "arguably bear more heavily on racial minorities," there was no evidence of discriminatory intent, because the board had relied exclusively on zoning aspects of the application. See also Vill. of Chestnut Ridge v. Town of Ramapo, 45 A.D.3d 74, 841 N.Y.S.2d 321 (2d Dep't 2007) (determining that the Villages raised legitimate governmental and environmental interests under SEQRA in seeking to protect their communities).

4

project to a complete halt in 2004." (Plfs. Mem. at 11.) Defendants' "demand" did not cause the complained of harm; the harm allegedly inflicted was the result of the State Court *granting* the injunction. Thus, aside from being unable to show "injury in fact," Plaintiffs also lack standing because their injury is not "redressable" by a federal Court. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 112 S. Ct. 2130 (1992) (citing redressability as the "irreducible constitutional minimum" requirement for standing); see also 28 U.S.C. § 2283 (the "Anti-Injunction Act").[8]

## POINT III.

## DEFENDANTS' CONDUCT IS PROTECTED

A.  **Defendants' Actions Are Protected By The *Noerr-Pennington* Doctrine**

Plaintiffs miss the mark by stating that *Noerr-Pennington* does not apply "when one seeks 'to use the governmental process – as opposed to the outcome of that process – as a weapon.'" (Plfs. Mem. at 19, quoting City of Columbia v. Omni Outdoor Advertising, Inc., 499 U.S. 365, 111 S. Ct. 1344, 1354 (1991)). As the Omni Court explained, the "sham" exception to *Noerr-Pennington* only applies to "a defendant whose activities are 'not genuinely aimed at procuring favorable government action' at all, not one 'who 'genuinely seeks to achieve his governmental result, but does so through improper means.'" Omni, 111 S. Ct. at 1354 (citations omitted). Here, Defendants are seeking to "procur[e] favorable government action" through the implementation of proper mitigation measures under SEQRA as already *upheld* by the Courts. They are not seeking to delay resolution on the merits. If there has been any unnecessary

---

[8] Plaintiffs' reliance on Jackson v. Okaloosa County, 21 F.3d 1531, 1537 (11th Cir. 1994), Arlington Heights, 97 S. Ct. 555, and Fair Housing in Huntington Committee Inc. v. Town of Huntington, 316 F.3d 357, 360 (2d Cir. 2003), is also misplaced. (See Plfs. Mem. at 10-11). Unlike in those cases, the Chestnut Ridge seeks only to require the Town and Mosdos to study the adverse environmental impacts of the ASHL and the Nike Site project, and to mitigate same as mandated under SEQRA. Such action has not deprived Plaintiffs from housing or from the practice of their religion. Indeed, this Court cannot redress the alleged injuries of Plaintiffs, since it respectfully does not have the authority to exempt Plaintiffs from its essential obligations under SEQRA. Westchester Day Sch., 504 F.3d 338.

5

expense and delay with respect to the State proceeding, it has been caused by the ten (10) months of litigation gamesmanship undertaken by Plaintiffs through the removal of the Chestnut Ridge action, and the commencement of the instant action.[9]

### B.   Plaintiffs Misstate The Substantive Nature Of SEQRA

Plaintiffs next seek to trivialize the judicial relief Defendants seek in State Court by mischaracterizing the SEQRA challenge as an "invocation of state procedures and gimmicks." (Plfs. Mem. at 18). This is ironic as the head of Plaintiffs' counsel's Environmental Land Use Department wrote the definitive book on SEQRA, and certainly does not view this statute's import as "gimmicky." See Gerrard, et al., Envtl. Impact Review in N.Y. § 1.03. ("The essential mandate of SEQRA is to ensure that state and municipal agencies weigh in advance the environmental consequences of actions they perform, fund or permit, and take steps to avoid or mitigate environmental damage.").

SEQRA unquestionably imposes real substantive obligations on agencies to avoid or mitigate a project's potential significant adverse impacts. See Roosevelt Islanders for Responsible Southtown Dev. v. Roosevelt Is. Operating Corp., 291 A.D.2d 40, 735 N.Y.S.2d 83, 93 (1st Dep't 2001) ("SEQRA does not merely require disclosure, but *rather imposes far more 'action-forcing' or 'substantive' requirements on state and local decisionmakers* than NEPA imposes on their federal counterparts." (emphasis added)), leave to appeal denied, 98 N.Y.2d 608, 746 N.Y.S.2d 692 (2002).

---

[9]   The instant action contains the classic elements of a SLAPP suit, irrespective of the holding in Yeshiva Chofetz Chaim Radin, Inc. v. Village of New Hempstead, 98 F. Supp. 2d 347, 360-361 (S.D.N.Y. 2000). First, the New Hempstead Court found that there could not be a SLAPP suit when there was no "public applicant or permittee," as opposed to the instant case. Id. at 361. Moreover, the municipalities here were not acting in their capacities as legislative or governing bodies considering an application. Id. at 360. The Villages in Chestnut Ridge opposed the ASHL and the Nike Site project as environmental stakeholders, which is the class specifically protected from retaliatory lawsuits under the SLAPP suit doctrine.

## POINT IV.

**THE COMPLAINT IS BARED BY THE STATUTE OF LIMITATIONS**

Plaintiffs seek to avoid the expiration of the applicable statute of limitation by arguing that Mosdos did not know of its alleged "injury" until it was added as a party to the Chestnut Ridge litigation in September 2007, and that Plaintiffs SEQRA challenge filed in November 2004 (the complained of discriminatory conduct) should be viewed under the continuing violation doctrine for timely filing purposes. (Plfs. Mem. at 19-20, citing Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 122 S. Ct. 2061 (2002)).

As already presented to this Court, in at least December 13, 2005, Mosdos knew about, acquired a vested property interest in and became intimately familiar with the complained of discriminatory conduct and its purported effects. It chose not to surface or appear in this matter, until it was convenient. Moreover, the continuing violation doctrine is disfavored in the Second Circuit. Bissinger v. City of New York, 2007 WL 2826756, *5 (S.D.N.Y). It does not apply to "merely related acts of discrimination," as alleged here. See Garcia v. New York City Admin. of Children's Servs., 2007 WL 28221533, *4 (S.D.N.Y.). Nor does the continuing violation doctrine apply to the ultimate disposition of an alleged discriminatory prosecution. See Washington v. County of Rockland, 373 F.3d 310, 318 (2d Cir. 2004) (finding for statute of limitation purposes that the "prosecution of the charges to ultimate disposition is wholly separable from the act of initiating the charges"); see also Harris v. City of New York, 186 F.3d 243, 250 (2d Cir. 1999) (plaintiff does not accrue new statute of limitations each time it "continues to feel the effects of a time-barred [wrongful] action").[10]

---

[10] Under Plaintiffs' theory, every action taken in furtherance of the Chestnut Ridge litigation would restart the statute of limitations clock. See also Bascom v. Fried, 2008 WL 905210 (E.D.N.Y.).

7

Plaintiffs Complaint is replete that their so-called harm began *in this case* with the purported filing of the SEQRA challenge. There was no stated "policy" or official "mechanism" at issue here, except the complained of lawsuit. There are no compelling circumstances to reward Mosdos for its dilatory and time-barred tactics in this case.

### POINT V.

### RULE 13(a) NECESSITATES DISMISSAL

Plaintiffs contend that the claims in the instant action were not compulsory counterclaims pursuant to FRCP 13(a) because the "Complaint here asserts claims on behalf of two Plaintiffs and against one Village government and numerous officials who were not parties to the Chestnut Ridge lawsuit. The claims here could not have been asserted by or against them in that suit, as they were non-parties." (Plfs. Mem. at 20).

FRCP 13(h) provides explicitly that Rules 19 and 20 govern "the addition of a person as a party to a counterclaim." See Rule 13(h); see also Hercules Inc. v. Dynamic Export Corp., 71 F.R.D. 101, 105 (S.D.N.Y. 1976). Rule 20 requires that either a plaintiff or a defendant may be added to an action where the actions complained of "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences," and there is a common question of law or fact. FRCP 20(a). The rights asserted by Plaintiffs herein unquestionably "arise out of the same transaction or occurrence or series of transactions or occurrences" as the counterclaims in the Chestnut Ridge action, namely, the commencement of the Chestnut Ridge action. See id., citing 3A J. Moore, Federal Practice ¶ 20.05 at 2772-73 (2d ed. 1974). Moreover, both the instant Complaint and the counterclaims in Chestnut Ridge are premised upon "a common

8

question of law or fact" presented – i.e., the adoption of the ASHL, the approval of the project on the Nike Site, and the Villages' opposition to both. [11] Id.

Accordingly, the causes of action in the instant Complaint should have been brought in the Chestnut Ridge action, and any necessary parties should have been added pursuant to FRCP 20 at such time, similar to Mosdos' request for necessary party status in the State Court proceeding.[12]

## POINT VI.

## CLAIMS AGAINST NEW HEMPSTEAD ARE BARRED BY *RES JUDICATA*

Plaintiffs first argue that "[w]ith regard to the individual plaintiffs, and Mosdos, there has been no showing of the requisite privity for application of claims preclusion." Successors to a property interest are deemed to be in privity with their predecessors for the purposes of *res judicata*.[13] There is clearly privity between Mosdos, the individual Plaintiffs, and Yeshiva.

Additionally, New Hempstead agrees that it was the intent of the parties to "extricate the Yeshiva site from the land use authority of the Village and transfer decision-

---

[11] Plaintiffs argue that FRCP 13(a) is inapplicable because the factual "parallels that exist [in the two actions] are between Plaintiffs' claims here and their *counterclaims* in Chestnut Ridge." (Id. at 21 (emphasis in original)). Both actions stem from the adoption of the ASHL, and the separate approval of the religious school on the Nike property.

[12] Plaintiffs argue that "[i]f Chestnut Ridge is remanded, Plaintiffs have the right to press their claims" in the instant action. (Id. at 20-21). Plaintiffs are essentially conceding that these actions arise of the same transactions, and allow for the same questions of law.

[13] See, e.g., Chase Manhattan Bank, N.A. v. Celotex Corp., 56 F.3d 343, 346 (2d Cir. 1995), citing Watts v. Swiss Bank Corp., 317 N.Y.S.2d 315, 317 N.Y.S.2d 315, 320 (1970) (the term privity "*includes those who are successors to a property interest*, those who control an action although not formal parties to it, those whose interests are represented by a party to the action, and possibly coparties to a prior action." (emphasis added)); accord Hallinan v. Republic Bank & Trust Co., 2007 WL 2572092, *11 (S.D.N.Y. 2007). "Privity is a well-established component of the federal law of *res judicata.* A privy is bound with respect to all the issues that were raised or could have been raised in the previous lawsuit." Chase Manhattan Bank, 56 F.3d at 346.

9

making with respect to zoning and local land use issues to Town of Ramapo authorities." (Plfs. Mem. at 21-22). There is absolutely no inference that can be made from the Stipulation, however, that any of the parties intended for New Hempstead to waive any rights it has under N.Y. General Municipal Law Section 239-m, or under SEQRA, for any future applications.[14]

## CONCLUSION

For all the foregoing reasons, and for the reasons set forth in Defendants' Moving Memorandum, Defendants respectfully seek an Order dismissing the Complaint in its entirety, and granting such other and further relief as this Court may deem just and proper.

Dated: July 7, 2008
    White Plains, New York

ZARIN & STEINMETZ

By: S/ Michael [signature]
Michael D. Zarin (MDZ-6692)
Jody T. Cross (JTC-1433)
*Attorneys for Defendants*
81 Main Street, Suite 415
White Plains, New York 10601
(914) 682-7800

---

[14] There is also no basis to argue that the December 3, 2004 letter was prohibited under the terms of the Stipulation. (Plfs. Mem. at 22). The letter raises a potential concern regarding asbestos, and simply states that if there is such a condition it must be properly rectified. (See Moving Mem. at 21, n.16).

## CERTIFICATION

      This is to certify that a copy of the foregoing Memorandum Of Law In Support Of Defendants' Motion To Dismiss was served or caused by be served by overnight mail, on July 7, 2008, upon the following:

      Andrew F. Pisanelli, Esq.
      Milber Makris Plousadis & Seiden, LLP
      *Attorneys for all remaining Defendants*
      3 Barker Avenue - Sixth Floor
      White Plains, New York 10601

      Joseph J. Haspel, Esq.
      Joseph J. Haspel, PLLC
      *Attorney for Plaintiffs*
      40 Mathews Street, Suite 201
      Goshen, New York 10924

      Reuben S. Koolyk
      Arnold & Porter LLP
      *Attorney for Plaintiffs*
      399 Park Avenue
      New York, New York 10022

      Andrew J. Romanow
      Buchanan Ingersoll PC
      *Attorneys for RBS Citizens, N.A.*
      50 Fountain Plaza, Suite 1230
      Buffalo, NY 14202

By:  S/ *[signature]*
      Michael D. Zarin (MDZ-6692)
      Zarin & Steinmetz
      81 Main Street, Suite 415
      White Plains, New York 10601
      (914) 682-7800