UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MOSDOS CHOFETZ CHAIM INC., YESHIVA CHOFETZ
CHAIM INC., RABBI JAMES BERNSTEIN, MOSHE
AMBERS, RABBI MAYER ZAKS AND RABBI ARYEH
ZAKS,

                                  Plaintiffs,

   - against -

THE VILLAGE OF WESLEY HILLS; THE MAYOR AND BOARD OF
TRUSTEES OF THE VILLAGE OF WESLEY HILLS; ROBERT H.
FRANKEL, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY;
EDWARD B. MCPHERSON, IN HIS INDIVIDUAL AND OFFICIAL
CAPACITY; DAVID A. GOLDSMITH, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITY; ROBERT I. RHODES IN HIS INDIVIDUAL
AND FORMER OFFICIAL CAPACITY; JAY B. ROSENSTEIN, IN
HIS INDIVIDUAL AND FORMER OFFICIAL CAPACITY; THE
VILLAGE OF NEW HEMPSTEAD; THE MAYOR AND BOARD OF
TRUSTEES OF THE VILLAGE OF NEW HEMPSTEAD; ROBERT A.
MOSKOWITZ, TRUSTEE OF THE VILLAGE OF NEW HEMPSTEAD,
IN HIS INDIVIDUAL AND FORMER OFFICIAL CAPACITY; THE
VILLAGE OF POMONA; THE MAYOR AND BOARD OF TRUSTEES
OF THE VILLAGE OF POMONA; FORMER MAYOR HERBERT I.
MARSHALL, IN HIS INDIVIDUAL AND FORMER OFFICIAL
CAPACITY; MAYOR OF POMONA, NICHOLAS L. SANDERSON, IN
HIS INDIVIDUAL AND OFFICIAL CAPACITY; THE VILLAGE OF
CHESTNUT RIDGE; MAYOR AND BOARD OF TRUSTEES OF THE
VILLAGE OF CHESTNUT RIDGE; MAYOR OF THE VILLAGE OF
CHESTNUT RIDGE, JEROME KOBRE IN HIS INDIVIDUAL AND
OFFICIAL CAPACITY; HOWARD L. COHEN, TRUSTEE, IN HIS
INDIVIDUAL AND OFFICIAL CAPACITY; THE VILLAGE OF
MONTEBELLO; THE MAYOR AND BOARD OF TRUSTEES OF THE
VILLAGE OF MONTEBELLO; KATHRYN ELLSWORTH A.K.A.
KATHRYN GORMAN, FORMER MAYOR OF MONTEBELLO IN HER
INDIVIDUAL AND FORMER OFFICIAL CAPACITY; JEFFREY
OPPENHEIM, MAYOR OF MONTEBELLO IN HIS INDIVIDUAL AND
OFFICIAL CAPACITY; JOHN DOE 1-37,

                                 Defendants.
----------------------------------------------------------X

08-CV-0156 (KMK)

ECF CASE

**DEFENDANTS' REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS**

## **TABLE OF CONTENTS**

Preliminary Statement………………………………………………………….  2

Reply Point I……………………………………………………………………  3

Reply Point II…………………………………………………………………..  5

Reply Point III………………………………………………………………….  6

Reply Point IV…………………………………………………………….....…  7

Conclusion………………………………………………………………..……  8

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted on behalf of the defendants, THE VILLAGE OF POMONA; THE MAYOR AND BOARD OF TRUSTEES OF THE VILLAGE OF POMONA; FORMER MAYOR HERBERT I. MARSHALL, IN HIS INDIVIDUAL AND FORMER OFFICIAL CAPACITY; MAYOR OF POMONA, NICHOLAS L. SANDERSON, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY (collectively the "Village of Pomona") in reply to the plaintiffs' opposition and in further support of the Village of Pomona's motion for an order: 1) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure dismissing the complaint for failure to state a cause of action upon which relief can be granted; 2) pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure dismissing the complaint for lack of subject matter jurisdiction; and, 3) granting such other and further relief as this Court may deem just and proper.

The plaintiffs have essentially failed to oppose the Village of Pomona's motion to dismiss. There is no meaningful opposition to the standing argument, and the plaintiffs have failed to set forth any evidence demonstrating that the plaintiffs have standing to bring action against the Village of Pomona. Further, the plaintiffs have not shown that they have suffered civil rights violations and argue, frivolously and without basis, that the commencement of a separate lawsuit constitutes a constitutional violation. Moreover, plaintiffs have not adequately rebutted the fact that their case is time barred. Finally, the plaintiffs have ignored the fact that the individually named public officials are protected by a qualified immunity. As such, the case must be dismissed pursuant to Rules 12(b)(6) and 12(b)(1).

## REPLY POINT I

## THE DEFENDANTS' STANDING ARGUMENT IS ESSENTIALLY UNOPPOSED

The plaintiffs have failed to overcome the standing threshold and in doing so have failed to state a cause of action upon which relief can be granted. The plaintiffs' fail to address let alone satisfy the key elements of legal standing set forth by the Supreme Court in *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 112 S. Ct. 2130 (1992).

As explained at length in the first memorandum of law, the Nike Site is located completely outside of the boundaries of, and does not abut, the Village of Pomona. The site is located squarely within the jurisdiction of the unincorporated Town of Ramapo. As such, the Village of Pomona played no role in the review of, or denial of, any application for the development of the subject property. The Village of Pomona (including its Mayor and Village Board) took no action in its official capacity relating to the development of the housing units. Accordingly, the plaintiffs are precluded from prosecuting an action against the Village of Pomona, as it could not have exercised authority or counsel could not have taken any action which deprived the plaintiffs of their constitutional rights.

In the opposition brief, the plaintiffs conspicuously ignored the *Lujan* elements for legal standing. The elements are as follows: 1) plaintiffs must show a concrete and particularized, actual or imminent injury-in-fact (which cannot be 'conjectural' or 'hypothetical'); 2) a causal connection between the injury and the complained-of conduct; and 3) it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." The plaintiffs, in a conclusory fashion, merely state that the standard for standing as set forth in the older *Warth v. Seldin*, 422 U.S. 490 (1975) have been met. Not

surprisingly, the plaintiff fails to address the more recent, controlling, standing test as established by *Lujan*, and in doing so fails to show this Court that they have suffered an injury-in-fact that is not speculative. Plaintiffs cannot (and did not) show how any act of the Village of Pomona or its officials caused the alleged civil rights violations. Nor do they even attempt to show how a decision of this Court is "likely" to redress the alleged injury. Indeed, per *Lujan*, it is "speculative" that the court will render a favorable decision for the plaintiffs in this frivolous lawsuit. This is not surprising, considering the civil rights violations are illusory and cut from whole cloth.

The plaintiffs, in a single paragraph on page 12 of their opposition brief, meagerly attempt to address the geographic borders argument. Unfortunately, the plaintiff's rebuttal is incoherent. However, it is clear and *undisputed* that the Nike Site is located completely outside of the boundaries of the Village of Pomona, and that the officials of the Village took no actions to prevent the construction of the housing within the Village. Indeed, the plaintiffs never sought to build within the Village, but only in the Town of Ramapo. Therefore, there is no standing to sue the Village of Pomona. The plaintiffs essentially ignore this argument and again try to draw this Court's attention away from the instant case and draw its attention to another case pending in State Court, the *Chestnut Ridge* case.[1]

Again, the plaintiff's have no standing to bring this action and have utterly failed to demonstrate that they do have standing in their opposition arguments. The Court is respectfully referred to the Village of Pomona's thorough analysis and application of the *Lujan* elements in our original papers.

---

[1] (Index No. 07-CV-9278)

## REPLY POINT II

## PLAINTIFFS HAVE FAILED TO SHOW THAT THEY HAVE SUFFERED A COGNIZABLE CIVIL RIGHTS VIOLATION

The complaint seeks relief under 42 U.S.C. §§ 1983 and 1982, the First and Fourteenth Amendments of the Constitution of the United States, the New York State Constitution and the New York State Civil Rights Law. Again, to establish the requisite state involvement in whatever civil wrongs the plaintiffs allege, the plaintiffs must plead *with particularity* that the public defendant acting in its official capacity acted to deny plaintiffs their rights. "[V]ague or conclusory allegations" of official participation are not sufficient to withstand a motion to dismiss.[2] The complaint sets forth purely conclusory allegations of the Villages alleged unlawful conduct, and the plaintiffs' opposition papers merely serve to render the arguments *even more vague*.

The complaint alleges that "several of the villages enacted local zoning laws and took other actions designed to make the establishment of yeshiva centers like Kiryas Radin within their borders impossible." A statement like this is purely speculative. It is, by definition, a "vague and conclusory allegation." Of course, the Villages were incorporated well over 25 years ago and to even bring it up is frivolous. To address this any further feeds into the plaintiffs' delusional and misleading mindset. To say the least, it cannot be the basis of a civil rights action, especially when the subject property is not located in the *any* of the Villages let alone Pomona.

The next accusation is that the defendants "used village resources to hire outside counsel and fund litigation against the Town of Ramapo and Plaintiffs in state court." The

---

[2] *Ellentuck v. Klein*, 570 F.2d 414 (2d Cir. 1978); *Powell v. Workmen's Compensation Bd.*, 327 F.2d 131, 137 (2d Cir. 1964).

- 5 -

plaintiff, here, refers to the pending *Chestnut Ridge* Article 78 action. As explained previously, the Villages commenced action against the Town of Ramapo and the Yeshivas (Index No. 07-CV-9278) in New York State Supreme Court pursuant to Article 78 of the New York C.P.L.R. in May 2004. The action charges that the Ramapo Town Board SEQRA review and the declaration adopted in connection with the Adult Student Housing Law was arbitrary, capricious and an abuse of discretion under SEQRA. The case also challenged the Town Planning Board's issuance of the related negative declaration adopted in connection with the Yeshiva/Mosdos site plan on the Nike Site – the first approved project under the Adult Student Housing Law as arbitrary, capricious and an abuse of discretion under SEQRA. The plaintiffs ridiculously argue that the lawsuit was commenced with the intent of inhibiting the plaintiffs' religious freedoms. This is speculation at its worst and cannot be the basis of a separate civil rights lawsuit. If anything, any objection to the Article 78 lawsuit should have been brought *within that lawsuit*, instead of wasting this Court's time with an entirely new action.

## REPLY POINT III

### PLAINTIFFS INADEQUATELY DISPUTE THE FACT THAT THE LAWSUIT IS TIME-BARRED

Clearly, the plaintiffs failed to bring a timely action and the case should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). The applicable statute of limitations for the injury claims alleged is three years, and the action was brought well beyond its expiration date. Further, the state law claims are barred because the plaintiffs failed to file a notice of claim pursuant to New York General Municipal Law §§ 50(e) and 50(i). Nothing changes the fact that the Article 78 action was commenced in May 2004. This is the last possible

alleged tortious "act", so to speak, complained-of in the pleadings. As such, pursuant to the applicable three-year statute of limitations, the time to file this lawsuit expired three years later, in May 2007. The present lawsuit was commenced on or about January 8, 2008. Accordingly, this action is clearly untimely and should be dismissed. Further, a notice of claim was never filed within ninety days after the incident giving rise to the claim, and the plaintiffs failed to commence the action within a year and ninety days from the date on which the cause of action accrues. New York General Municipal Law §§ 50(e) and 50(i).

The plaintiffs address the statute of limitations argument in all of two paragraphs on pages 19 and 20 of their brief. Moreover, the plaintiffs do not even address, *at all*, the Notice of Claim requirement, and present no argument as to why they failed to abide by the General Municipal Law. As such, arguments, unopposed, must be deemed as true. Clearly the plaintiffs have no meaningful defense against this argument, and as such, their case must be denied for want of subject matter jurisdiction.

## REPLY POINT IV

## PLAINTIFFS DO NOT ADDRESS QUALIFIED IMMUNITY

There is no cognizable cause of action against any of the individually named public officials: Mayor Nicholas L. Sanderson, former Mayor Herbert I. Marshall and the Board of Trustees as qualified immunity attaches to these defendants. A motion to dismiss under Rule 12(b)(6) may be predicated upon a qualified immunity defense. *Field Day, LLC v. County of Suffolk*, 463 F.3d 167, 191 (2d Cir. 2006).

This is another argument that the plaintiff leaves alone, and it is addressed merely in passing on page 10 of their brief. Plaintiff merely contends that municipal officials can be

held liable for deprivation of constitutional rights when they exert a degree of pressure. Pressure on what? There is no evidence given, nor is there a cognizable cause of action for any sort of illusory pressure. Individually named officials of the Village of Pomona, and of all the villages, for the matter, are protected by qualified immunity. And there is no case law to the contrary cited in plaintiffs papers. Again, as thoroughly discussed above, there is no state action subject to this Court's redress set forth in the complaint. Moreover, there are no specific actions alleged against the named officials with respect to the Village of Pomona. Paragraphs 99-105, or the "Village of Pomona" section of the complaint, raises no allegations against the mayor, former mayor or the board of trustees. The complaint is deficient on its face in this regard. However since there is no pleaded conduct that violates "clearly established statutory or constitutional rights of which a reasonable person would have known," there can be no cause of action and the defendants are protected by qualified immunity.

## CONCLUSION

The complaint fails to state a cause of action upon which relief can be granted. The plaintiffs have done nothing to show that they do not lack standing to bring an action before this Court as the Village of Pomona took no action in its official capacity relating to the development of adult student housing complex. The Nike Site is entirely within the jurisdiction of the unincorporated Town of Ramapo and completely outside the geographic and political boundaries of the Village of Pomona. Further, the plaintiffs' action is time-barred as it was commenced outside of the applicable three-year statute of limitations. Additionally, pursuant to New York General Municipal Law §§ 50(e) and 50(i) and New York C.P.L.R. § 9801, the plaintiffs' failure to commence this action within a year and ninety days from the date upon

which the causes of action accrued mandates dismissal of the state law claims. Finally, the individually-named public officials are protected by qualified immunity. Accordingly, the plaintiff's complaint should be dismissed in its entirety.

WHEREFORE, it is respectfully requested that this Court issue an order: 1) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure dismissing the complaint for failure to state a cause of action upon which relief can be granted; 2) pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure dismissing the complaint for lack of subject matter jurisdiction; and, 3) granting such other and further relief as this Court may deem just and proper.

Dated: White Plains, New York
       June 26, 2008

                                          Yours, etc.,

                                          MILBER MAKRIS PLOUSADIS
                                          & SEIDEN, LLP

                                          By: /S/
                                              Gregory R. Saracino (GS-1020)
                                          Attorneys for Defendants
                                          The Village of Pomona; the Mayor and
                                          Board of Trustees of the Village of Pomona;
                                          Former Mayor Herbert I. Marshall, In His
                                          Individual and Former Official Capacity;
                                          Mayor of Pomona, Nicholas L. Sanderson,
                                          In His Individual and Official Capacity
                                          3 Barker Avenue, 6th Floor
                                          White Plains, New York 10601
                                          914-681-8700

- 10 -

To:    Joseph J. Haspel (JJH-5753)
Attorney for Plaintiffs
40 Matthews Street, Suite 201
Goshen, NY 10924
(845) 294-8950

Michael D. Zarin (MDZ-6692)
Daniel M. Richmond (DMR-2652)
Jody T. Cross (JTC-1433)
ZARIN & STEINMETZ
All Remaining Defendants
81 Main Street, Suite 415
White Plains, New York 10601
(914) 682-7800

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF WESTCHESTER      )

I, Letty Trivino, being sworn, say; I am not a party to this action, am over 18 years of age, and reside in Westchester County, New York.

On the 26th day of June, 2008, I served the within: DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS by depositing true copies thereof enclosed in a pre-paid wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

TO:  Joseph J. Haspel (JJH-5753)
     Attorney for Plaintiffs
     40 Matthews Street, Suite 201
     Goshen, NY 10924
     (845) 294-8950

     Michael D. Zarin (MDZ-6692)
     Daniel M. Richmond (DMR-2652)
     Jody T. Cross (JTC-1433)
     ZARIN & STEINMETZ
     All Remaining Defendants
     81 Main Street, Suite 415
     White Plains, New York 10601
     (914) 682-7800

                                            _____
                                                       Letty Trivino

Sworn to before me this
8TH day of July, 2008

_____
Notary Public
    ANDREW F. PISANELLI
Notary Public, State of New York
       No. 02PI4991746
Qualified in Westchester County
Commission Expires February 10, 2010

Case 7:08-cv-00156-KMK    Document 36    Filed 07/08/2008    Page 13 of 13